**Reverse and Remand; Opinion Filed November 19, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00658-CV

**INNOVATE TECHNOLOGY SOLUTIONS, L.P., Appellant**

**V.**

**YOUNGSOFT, INC., Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-09-17061**

## OPINION

Before Justices Moseley, Lang, and Richter[1]
Opinion by Justice Moseley

Appellant Innovate Technology Solutions, L.P. appeals the trial court's adverse summary judgment and adverse directed verdict on its counterclaims against appellee Youngsoft, Inc. In two issues, Innovate argues the trial court erred by concluding its claims were barred by a limitation of liability provision contained in the parties' agreement and that the evidence was insufficient to support the trial court's judgment.

We conclude the trial court erred by granting Youngsoft's motions for summary judgment and for directed verdict. We do not reach Innovate's argument regarding sufficiency of the evidence. We reverse the trial court's judgment and remand for further proceedings.

---

[1] The Hon. Martin Richter, Justice, Assigned

Innovate provides information technology (IT) consulting and training services and software to its clients. In connection with a client project, it entered into a Professional Services Agreement (Agreement) to acquire IT services from Youngsoft. There is evidence the project did not proceed smoothly and that the client was unhappy.

Subsequently, Youngsoft sued Innovate for nonpayment; Innovate counterclaimed for breach of express warranty and breach of contract. Youngsoft moved for summary judgment, arguing that all of Innovate's counterclaims were all barred by a limitation of liability clause in the Agreement. The trial court granted Youngsoft's motion. Innovate later filed another counterclaim for indemnification.

The case proceeded to trial on Youngsoft's claims and Innovate's remaining indemnification counterclaim. Near the end of the trial, the trial court granted a directed verdict in Youngsoft's favor on Innovate's indemnification claim. The trial judge stated he believed that Youngsoft's indemnification claim "was taken care of in the summary judgment," and that "there is no affirmative relief available to" Innovate.

Youngsoft's case was submitted to the jury, which answered a single liability question in Youngsoft's favor and awarded damages of $43,452.50. The trial court entered judgment based on the verdict. Innovate appealed.

In its second issue, Innovate argues the trial court erred by granting Youngsoft's motion for summary judgment and motion for directed verdict.

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A motion for summary judgment on traditional grounds must show there is no genuine issue as to a specified material fact and, therefore, the moving party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). Thus, to prevail on a traditional motion for summary judgment, a defendant must either disprove at least

one element of the plaintiff's claim as a matter of law, or conclusively establish all elements of an affirmative defense. *See Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex. 1996).

We review a trial court's ruling on a motion for directed verdict under a legal-sufficiency standard. *City of Keller v. Wilson*, 168 S.W.3d 802, 823-24 (Tex. 2005). A directed verdict is proper when a defect in the opponent's pleadings makes them insufficient to support a judgment, the evidence conclusively proves the fact that establishes a party's right to judgment as a matter of law, or the evidence is insufficient to raise an issue of fact. *Keyes Helium Co. v. Regency Gas Servs., L.P.*, 393 S.W.3d 858, 864 (Tex. App.—Dallas 2012, no pet.). We must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *SeeYost v. Jered Custom Homes*, 399 S.W.3d 653, 659 (Tex. App.—Dallas 2013, no pet.). We consider the evidence in the light most favorable to the nonmovant and indulge every reasonable inference to resolve any doubts against the motion. *Id.*

Youngsoft's motions for summary judgment and for directed verdict are both based on section 6 of the Agreement, which states:

> 6. **LIMITATION OF LIABILITY**
> Not withstanding anything contained elsewhere in this Agreement and under any circumstance, for any reason whatsoever, YS shall not be liable for any incidental, ancillary, direct, indirect, special or consequential damages, including but not limited to lost profits, whether in tort or contract, and based on any theory of liability.

Youngsoft argues section 6, by its plain language, overrides all other provisions in the Agreement, and (to quote its brief) means that "Innovate is not entitled to recover any damages from Youngsoft under any circumstances, notwithstanding anything to the contrary in the . . . Agreement."

When construing a written contract, our primary concern is to ascertain and give effect to the true intentions of the parties as expressed in the agreement. *El Paso Field Sers., L.P. v. MasTec N. Am., Inc.*, 389 S.W.3d 802, 805 (Tex. 2012); *Carbona v. CH Med., Inc.*, 266 S.W.3d 675, 680 (Tex. App.—Dallas 2008, no pet.). We consider the entire writing and attempt to harmonize and give effect to all the provisions of the contract by analyzing the provisions with reference to the whole agreement. *Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310, 311-12 (Tex. 2005) (per curiam); *Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Assn.*, 205 S.W.3d 46, 55 (Tex. App.—Dallas 2006, pet. denied). "No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003).

If we are unable to harmonize the provisions and give effect to all the contract's clauses, the contract is susceptible to more than one reasonable interpretation and is ambiguous. *Hackberry Creek Country Club*, 205 S.W.3d at 56. Whether a contract is ambiguous is a question of law. *Id; Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983). A court may conclude a contract is ambiguous even in the absence of such a pleading by either party. *Hackberry Creek*, 205 S.W.3d at 56 (citing *Sage St. Assocs. v. Northdale Constr. Co.*, 863 S.W.2d 438, 445 (Tex. 1993)). When a contract contains an ambiguity, the granting of a motion for summary judgment or directed verdict is improper because the intent of the contracting parties is an issue of fact. *See Coker*, 650 S.W.2d at 394 (summary judgment); *Hackberry Creek*, 205 S.W.3d at 56 (summary judgment); *Schwartz v. Prairie Producing Co., Inc.*, 833 S.W.2d 629, 632 (Tex. App.—Houston [1st Dist.] 1992, writ dism'd) (instructed verdict); *ETL Corp. v. Forrester*, 667 S.W.2d 247, 249 (Tex. App.—Dallas 1984, no writ) (ambiguous contract entitled party to jury

findings on questions of fact raised by evidence); *Baker v. Powell*, 105 S.W.2d 289, 291 (Tex. Civ. App.—Amarillo 1937, no writ) (directed verdict).

Youngsoft's motions and argument are based entirely on the limitation of damages provision found in section 6. However, Youngsoft's proposed interpretation of section 6 considers that provision only, isolating it from all other provisions in the Agreement. Youngsoft's interpretation fails to consider the entire Agreement and does not attempt to harmonize and give effect to all the provisions. *See Hackberry Creek*, 205 S.W.3d at 55.

For example, to accept Youngsoft's interpretation, we must ignore the mutual indemnity provision in the Agreement, which states:

9. **INDEMNIFICATION**
YS shall indemnify, defend and hold harmless [Innovate] . . . from and against any and all claims, damages and judgments, including reasonable attorney's fees and expenses, arising out of or relating to any breach of this Agreement.

If Youngsoft's interpretation of the Agreement is correct, and section 6 means that "Innovate is not entitled to recover any damages from Youngsoft under any circumstances, notwithstanding anything to the contrary in the Professional Services Agreement," then Innovate could not enforce the indemnification provision against Youngsoft if Youngsoft failed to perform its contractual obligations. Similarly, Youngsoft's interpretation would leave Innovate without a remedy if Youngsoft breached sections 3, 8, and 17 of the Agreement, which obligate Youngsoft to perform its services in a professional and workmanlike manner, maintain the confidentiality of Innovate's information, and maintain certain insurance coverage.

Youngsoft's interpretation would render all of these provisions of the Agreement surplusage, preventing the court from giving effect to all provisions of the contract. *See Frost Nat'l Bank*, 165 S.W.3d at 312. But courts "must favor an interpretation that affords some

consequence to each part of the instrument so that none of the provisions will be rendered meaningless." *Coker*, 650 S.W.2d at 394.

Moreover, interpreting the Agreement to mean (in Youngsoft's words) that "Innovate is not entitled to recover any damages from Youngsoft under any circumstances, notwithstanding anything to the contrary . . ." renders the Agreement illusory, void, and unenforceable. *See Tex. S. Univ. v. State Street Bank & Trust Co.*, 212 S.W.3d 893, 914 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010) ("When illusory promises are all that support a purported bilateral contract, there is no mutuality of obligation, and therefore, no contract"); *D.R. Horton, Inc. v. Brooks*, 207 S.W.3d 862, 867 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (illusory promise is one that fails to bind the promisor who retains the option of discontinuing performance). If Youngsoft is completely insulated from any damage claims from Innovate, it effectively retains the option of discontinuing performance at any time.

At the trial court, Innovate argued for a different interpretation of Section 6; it asserted the limitation of liability provision

> protects Youngsoft against purchasers from Innovate (i.e., third parties to the relationship between Youngsoft and Innovate . . . ); but it does not protect Youngsoft from Innovate in its capacity as a Client of Youngsoft. . . . If the Limitation of Liability provision prohibits Innovate from recovering for damages and losses inflicted on Innovate by Youngsoft's breaches of duty to Innovate, then the Warranty provision is rendered meaningless and the Indemnity provision endangered.

This interpretation of the Agreement gives effect to other provisions of the Agreement mentioned above, while it leaves Section 6 with some meaning. However, it renders meaningless the introductory phrase of Section 6, namely the phrase: "Not withstanding anything contained elsewhere in this Agreement and under any circumstance, for any reason whatsoever . . ."

Having reviewed the parties' arguments, we conclude Youngsoft did not demonstrate that its construction of the Agreement is a reasonable interpretation of the Agreement—much less the *only* reasonable interpretation. Therefore, Youngsoft did not meet its burdens to show it was entitled to summary judgment, *see Hackberry Creek Country Club*, 205 S.W.3d at 63-64, or directed verdict, *see Keyes Helium Co*., 393 S.W.3d at 864, and the trial court erred by granting its motions. We sustain Innovate's second issue.

In its first issue, Innovate asserts the expert opinion presented at trial by Youngsoft was conclusory, speculative, subjective, unsubstantiated, and not probative. As a result, Innovate argues, there was no evidence showing whether the damages sought by Youngsoft were for services performed in a professional and workman-like manner, and the evidence did not support the jury's finding. We decline to address this argument.

"Appellate courts have broad discretion to remand a case for a new trial in the interest of justice." *Knapp v. Wilson N. Jones Mem'l Hosp.*, 281 S.W.3d 163, 176 (Tex. App.—Dallas 2009, no pet.) (citing TEX. R. APP. P. 43.3(b); *Scott Bader, Inc. v. Sandstone Prods., Inc.*, 248 S.W.3d 802, 822 (Tex. App.—Houston [1st Dist.] 2008, no pet.)); *Ahmed v. Ahmed*, 261 S.W.3d 190, 196 (Tex. App.—Houston [14th Dist.] 2008, no pet.). "Remand is appropriate when, for any reason, a case has not been fully developed," including where the trial court's action prevented the case from being properly developed and presented at trial. *Knapp*, 281 S.W.3d at 176; *Ahmed*, 261 S.W.3d at 196 ("As long as there is a probability that a case has, for any reason, not been fully developed, an appellate court has discretion to remand for a new trial rather than render a decision."); *In re S.E.W.*, 168 S.W.3d 875, 885-86 (Tex. App.—Dallas 2005, no pet.).

When the trial court granted summary judgment and a directed verdict in Youngsoft's favor, the court shaped the development of the case and its presentation to the jury; the trial court's rulings on Youngsoft's motions prevented Innovate from properly developing and

presenting its claims to a jury. *See Knapp*, 281 S.W.3d at 176. It seems clear that had the trial court not granted the motion for summary judgment, both parties would have presented additional evidence and arguments during trial, and the jury would have been asked to decide additional issues. *See id.* (citing *Scott Bader, Inc.*, 248 S.W.3d at 822).

Because we conclude that the trial court erred by granting Youngsoft's motions for summary judgment and directed verdict, thereby shaping the development and outcome of the case, we conclude the proper disposition of this appeal is to reverse the trial court's judgment and remand this case to the trial court for further proceedings.


120658F.P05

/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

INNOVATE TECHNOLOGY, Appellant

No. 05-12-00658-CV      V.

YOUNGSOFT, INC., Appellee

On Appeal from the 192nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-09-17061.
Opinion delivered by Justice Moseley.
Justices Lang and Richter participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Innovate Technology Solutions, L.P. recover its costs of this appeal from appellee Youngsoft, Inc.

Judgment entered this 19th day of November, 2013.


/Jim Moseley/
JIM MOSELEY
JUSTICE