

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00151-CV

JOHN MCCRACKEN                                              APPELLANT

V.

MONOSOL RX, LLC                                            APPELLEE

----------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 342-250974-11

----------

## CONCURRING MEMORANDUM OPINION[1]

----------

I agree with the majority opinion's conclusion that the record, viewed in the light most favorable to McCracken, revealed genuine issues of material fact as to each element of McCracken's claims, which precluded judgment as a matter of law in favor of Monosol. *See* Tex. R. Civ. P. 166a(c), (i). However, I believe the majority opinion, while thoughtfully crafted, goes too far by addressing arguments

---
[1]*See* Tex. R. App. P. 47.4.

and facts that are unnecessary to the disposition of this appeal and by needlessly reaching conclusions based on extrapolations. *See* Tex. R. App. P. 47.1.

## I. STANDARD OF REVIEW

The majority opinion correctly sets out the general standards and scope of our review, and there is no need to repeat them in detail here. It is important to clarify, however, that our only question is whether McCracken produced more than a scintilla of probative evidence raising genuine issues of material fact on each element of his claims. *See Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012). Because both McCracken and Monosol brought forth summary-judgment evidence in the context of Monosol's hybrid no-evidence and traditional motion for summary judgment, "the differing burdens of the two forms of summary judgment motion are of no import here. *The ultimate question is simply whether a fact issue exists.*" *Id.* at 527 n.2 (emphasis added). Therefore, we do not need to address McCracken's claims under rule 166a(i) and also separately address them again under rule 166a(c) as the majority opinion does; we are to simply look for genuine and material fact issues raised by the summary-judgment evidence, which we view in the light most favorable to McCracken. *See Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013) (citing *Buck*, 381 S.W.3d at 527 & n.2).

## II. MCCRACKEN'S CLAIMS

McCracken alleged Monosol (1) breached the employment contract by failing to "pay [McCracken] promised severance pay by discharging him without cause" and (2) violated the implied duty of good faith and fair dealing

2

incorporated into the employment contract.  McCracken further pleaded for the recovery of his attorneys' fees.

## A.  BREACH OF CONTRACT[2]

The essential elements of a breach-of-contract claim are (1) the existence of a valid contract between the plaintiff and the defendant, (2) the plaintiff performed or tendered performance or was excused from doing so, (3) the defendant breached the contract, and (4) the plaintiff incurred damages as a result of the breach.  *See West v. Triple B Servs., LLP*, 264 S.W.3d 440, 446 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  Monosol did not argue that it did not have a valid employment contract with McCracken or that McCracken did not suffer damages from the termination of his employment.  Thus, our operative question is whether McCracken raised a genuine fact issue on the remaining elements:  (1) that he performed under the contract, i.e., he performed his job duties, and (2) that Monosol failed to pay McCracken owed severance and bonuses under the employment agreement.

McCracken pleaded that Monosol breached the employment contract by failing to pay him severance pay, including an accrued 2008 bonus and a 2009

---

[2]The majority opinion does not refer to the import of contract interpretation in the context of summary judgment.  Indeed, a de novo review of a summary judgment on a breach-of-contract claim must give effect to the true intentions of the parties and must give effect to all of its provisions.  *See Innovate Tech. Solutions, L.P. v. Youngsoft, Inc.*, 418 S.W.3d 148, 150–52 (Tex. App.—Dallas 2013, no pet.).  A court may, however, determine that a contract is ambiguous, which would preclude summary judgment.  *Id.*  This distinction is important in this appeal and should be addressed.

bonus during the severance period, after firing him without cause. Under the employment contract, an employee would be entitled to severance if the employee was fired without cause, which in this case means McCracken was fired even though he performed his job duties. As the majority opinion points out, McCracken filed a detailed affidavit in response to Monosol's summary-judgment motion delineating the duties he performed as part of his employment agreement with Monosol.[3] McCracken's affidavit was direct, based on his personal knowledge, and readily controvertible; thus, it was competent summary-judgment evidence. *See* Tex. R. Civ. P. 166a(f); *Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997). McCracken's averments raised a fact issue as to whether McCracken was fired for failing to perform his job duties, which if he was not, would have triggered Monosol's duty under the contract to pay McCracken severance pay and any associated bonuses. *See Meek v. Bishop Peterson & Sharp, P.C.*, 919 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1996, writ denied) ("The court determines what conduct is required by the parties, and, insofar as a dispute exists concerning the failure of a party to perform the contract, the court submits the disputed fact questions to the jury."); *cf. Ludlow v. DeBerry*, 959 S.W.2d 265, 275 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (holding plaintiff's deposition testimony proffered in response to summary

---

[3]Contrary to Monosol's assertion, McCracken's averments were not conclusory but were supported by specific instances and examples of how he performed his job duties.

4

judgment that he performed extra duties outside of those provided in employment agreement raised a fact issue regarding unjust enrichment to employer, precluding summary judgment).

Monosol asserts that the provision entitling its CEO to determine whether a termination is for cause renders the decision that McCracken was fired for cause a final determination on the matter and not susceptible to any contrary explanation by McCracken. However, this argument ignores that this is a case of contract interpretation and that we must give effect to all provisions. Were we to adopt Monosol's argument, Monosol could determine that every termination was for cause, thereby abrogating the severance provisions in the agreement. *See Gilbane Bldg. Co. v. Keystone Structural Concrete, Ltd.*, 263 S.W.3d 291, 299 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("To interpret the contract under [appellant's] analysis, we would have to add a provision. . . . We decline to do so."); *cf. Alesch v. Tex. Christian Univ.*, No. 2-07-461-CV, 2008 WL 4531705, at *3 (Tex. App.—Fort Worth Oct. 9, 2008, no pet.) (mem. op.) ("To reach [appellant's] interpretation, we would have to ignore language in the Agreement and the offer letter, rather than harmonize them with the rest of the parties' writing.").

Therefore, summary judgment was inappropriate on McCracken's breach-of-contract claim. Because McCracken raised a genuine issue of fact on his claim that he was not fired for cause and, thus, was owed severance and bonus payments, I believe it is not necessary to reach McCracken's breach allegation

5

pleaded in the alternative: "Even if there were cause for termination, [Monosol] further breached the Agreement by terminating Plaintiff without providing an adequate cure notice and period to correct any deficiencies."

## B. BREACH OF IMPLIED DUTY

McCracken also alleged that Monosol breached the implied duty of good faith and fair dealing by not paying his bonuses, by not giving proper notice and an opportunity to cure, and by falsely claiming that his termination was for cause. The parties agree New Jersey law governs this issue. Once again, we are to determine whether any fact issues on an essential element exist such that summary judgment is precluded.

The essential elements of a violation of the implied duty of good faith and fair dealing under New Jersey law are (1) a valid contract between the plaintiff and the defendant, (2) in the performance or enforcement of the contract, the defendant destroyed or injured the right of the plaintiff to receive the benefits of the contract, and (3) the defendant acted with bad motive or intention. *See Kapossy v. McGraw-Hill, Inc.*, 921 F. Supp. 234, 248 (D.N.J. 1996); *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 864 A.2d 387, 395–96 (N.J. 2005). The elements at issue here are whether Monosol, in performing its duties under the contract, destroyed or injured the right of McCracken to receive the benefits of the contract and whether Monosol acted with bad motive or intention. Based on the summary-judgment evidence regarding Monosol's actions as recited by the majority, I conclude that McCracken produced more

6

than a scintilla of evidence raising a genuine fact issue on these essential elements.[4] *See, e.g., Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 466–67 (8th Cir. 2002); *Carvel Corp. v. Baker*, 79 F. Supp. 2d 53, 61–63 (D. Conn. 1997).

## III. CONCLUSION

As does the majority opinion, I believe that McCracken raised fact issues precluding summary judgment on his claims for breach of contract and breach of the implied duty of good faith and fair dealing. Because I cannot join in the majority opinion's rationale supporting this conclusion, I respectfully concur.

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

WALKER, J., joins.

DELIVERED: October 2, 2014

---

[4]However, I disagree with the majority opinion's conclusion that whether Monosol breached the implied duty need not be addressed because McCracken raised a fact issue on his claim for breach of contract. Breach of contract and breach of the implied duty, although interrelated, are distinct causes of action that may be pleaded alternatively and should be addressed separately. *See generally Emerson Radio Corp. v. Orion Sales, Inc.*, 253 F.3d 159, 163, 169–70 (3d Cir. 2001) (discussing nature of claim for breach of implied duty).