**THE CENTER FOR HEALTH CARE SERVICES, A Political Subdivision of the State of Texas, Petitioner,**

v.

**Michael QUINTANILLA, Respondent.**

No. 02–0942.

Supreme Court of Texas.

Aug. 28, 2003.

Susan C. Rocha, Alberto J. Pena, Denton Navarro Rocha & Bernal, P.C., San Antonio, for petitioner.

Mark Louis Greenwald, Tinsman Scott & Sciano, Inc., San Antonio, for respondent.

PER CURIAM.

The principal issue in this case is whether the Legislature intended by enacting Texas Health and Safety Code section 161.134 to waive the State's sovereign immunity from suit. Quintanilla is a former employee of The Center for Health Care Services, a mental health and mental retardation center. After the Center terminated him, Quintanilla sued the Center alleging, among other things, violations of section 161.134 of the Texas Health and Safety Code and the Texas Whistleblower Act. TEX. HEALTH & SAFETY CODE § 161.134; TEX. GOV'T CODE § 554.002. The Center, a local governmental entity, filed a plea to the jurisdiction asserting (i)immunity from suit for Quintanilla's claims arising under section 161.134 of the Texas Health and Safety Code and (ii) that Quintanilla failed to initiate available grievance procedures, which the Center alleged to be a jurisdictional prerequisite for pursuing a claim under the Whistleblower Act. The trial court denied the plea, and the Center appealed. The court of appeals held that the Legislature waived sovereign immunity for violations of Health and Safety Code section 161.134. 88 S.W.3d 269, 273–76. The court of appeals also held that, with regard to his Whistleblower claim, Quintanilla failed to allege sufficient facts to confer jurisdiction on the trial court, and the trial court erred in denying the Center's plea to the jurisdiction on that claim. *Id.* at 273.

The Center petitioned this Court for review of the immunity issue, alleging that the court of appeals' opinion conflicted with our opinion in *Wichita Falls State Hospital v. Taylor,* 106 S.W.3d 692 (Tex. 2003) and with the holding in *Texas Department of Mental Health and Mental Retardation v. Lee,* 38 S.W.3d 862 (Tex. App.-Fort Worth 2001, pet. denied). *Taylor* and *Lee* held that section 321.003 of the Texas Health and Safety Code did not waive the State's sovereign immunity.

*Taylor,* 106 S.W.3d at 701; *Lee,* 38 S.W.3d at 870–71. Because the court of appeals' holding in this case is contrary to this Court's opinion in *Taylor* and the *Lee* opinion, we have jurisdiction over this interlocutory appeal. *See* TEX. GOV'T CODE § 22.225(c); *Coastal Corp. v. Garza,* 979 S.W.2d 318, 319–20 (Tex.1998).

■ Although *Taylor* involved the Patient's Bill of Rights, the issue under section 161.134 is, in all pertinent respects, the same. To begin with, the relevant language of the two statutes is nearly identical. *Compare* TEX. HEALTH & SAFETY CODE § 161.134(b)-(d), *with* TEX. HEALTH & SAFETY CODE § 321.003(a)-(d). Section 161.134 provides:

(b) A hospital, mental health facility, or treatment facility that violates Subsection (a) *is liable* to the person discriminated against. A person who has been discriminated against in violation of Subsection (a) *may sue* for injunctive relief, damages, or both.

(c) A plaintiff who prevails in a suit under this section may recover actual damages, including damages for mental anguish even if an injury other than mental anguish is not shown.

(d) In addition to an award under Subsection (c), a plaintiff who prevails in a suit under this section may recover exemplary damages and reasonable attorney fees.

TEX. HEALTH & SAFETY CODE § 161.134 (emphasis added). In *Taylor,* the statute at issue provided:

(a) A treatment facility or mental health facility that violates a provision of, or a rule adopted under, this chapter, Subtitle C of Title 7, or Chapter 241, 462, 464, or 466 *is liable* to a person receiving care or treatment in or from the facility who is harmed as a result of the violation.

(b) A person who has been harmed by a violation *may sue* for injunctive relief, damages, or both.

(c) A plaintiff who prevails in a suit under this section may recover actual damages, including damages for mental anguish even if an injury other than mental anguish is not shown.

(d) In addition to an award under Subsection (c), a plaintiff who prevails in a suit under this section may recover exemplary damages and reasonable attorney fees.

Tex. Health & Safety Code § 321.003 (emphasis added).

Neither Chapter 161 nor Chapter 321 defines the term "mental health facility." Instead, both chapters incorporate by reference the definition of "mental health facility" contained in Texas Health and Safety Code section 571.003. *See* Tex. Health & Safety Code §§ 321.001(4), 161.131(7). Section 571.003(12) defines "mental health facility" as:

(A) an inpatient or outpatient mental health facility operated by the department, a federal agency, a political subdivision, or any person;

(B) a *community center* or a facility operated by a community center; or

(C) that identifiable part of a general hospital in which diagnosis, treatment, and care for persons with mental illness is provided.

Tex. Health & Safety Code § 571.003(12) (emphasis added). As we held in *Taylor,* mere incorporation of section 571.003's definition of "mental health facility," which includes public facilities, into Chapter 161 does not by itself manifest a clear legislative intent to waive immunity. 106 S.W.3d at 700–01. And because the statutory language at issue in this case mirrors the statutory language at issue in *Taylor,* our holding in *Taylor* is dispositive. The trial court erred by denying the Center's plea to the jurisdiction.

In his responsive brief on the merits filed eight months after the Center's petition for review, Quintanilla, for the first time, requested reversal of that portion of the court of appeals' judgment dismissing his Whistleblower claim. He did not file a petition for review, and his response to the Center's petition does not complain of the court of appeals' dismissal of his Whistleblower Act claim. Instead, he confined his argument solely to the sovereign immunity issue. He has, therefore, waived the right to seek reversal of that portion of the court of appeals' judgment. Tex.R.App. P. 53.1 ("A party who seeks to alter the court of appeals' judgment must file a petition for review."), 53.2 ("The petition must state concisely all issues or points presented for review.").

Accordingly, without hearing oral argument, we grant the Center's petition for review, reverse that part of the court of appeals' judgment affirming the trial court's denial of the Center's plea to the jurisdiction on Quintanilla's Health and Safety Code section 161.134 claim, and dismiss that claim for want of jurisdiction. Tex.R.App. P. 59.1.

Justice ENOCH did not participate in the decision.