Jerry McGINTY and Villas By
Design, Inc., Petitioners,

v.

Thomas J. HENNEN, Respondent.

No. 11–0288.

Supreme Court of Texas.

June 29, 2012.

Patricia Hair, Phelps Dunbar, L.L.P., Adam Brandon Allen, Parker Allen PLLC, Houston, TX, for Jerry McGinty.

Peter E. Ferraro, The Ferraro Law Firm, John Foster Melton, Melton & Kumler LLP, Austin, TX, for Thomas J. Hennen.

## PER CURIAM.

Villas By Design built Thomas Hennen's home. Shortly after moving in, Hennen noticed water leaks and, a few months later, mold. On his lawyer's advice, the home was inspected and PE Services found significant contamination throughout the house. A Corpus Christi contractor estimated remedial costs to be in excess of $651,000.00, which included both the cost to rid the house of mold and the cost to rebuild areas of the house affected by that remediation. Hennen sued Villas for negligence, breach of express and implied warranties, breach of contract, and DTPA violations, among other claims. We must decide whether the evidence supports the jury's damage finding.

For each claim, the jury was asked to find two damage awards: (1) the difference, as of the date of closing, in the value of the home as it was received and the value it would have had if it had been as represented, and (2) the reasonable and necessary cost to repair the home. The jury found the difference in value to be $262,885.83 and the reasonable and neces-

sary cost of repair to be $651,230.72. The jury also awarded $750,000 in exemplary damages and $200,000 in attorney's fees. The trial court granted Villas' motion to disregard the jury finding regarding the date Hennen should have discovered the wrongful acts and found the DTPA and negligence claims barred by limitations, leaving only the breach-of-contract damages. The trial court denied Villas' motion for judgment notwithstanding the verdict in which it argued that no evidence supported that damage award.

Hennen appealed the trial court's finding regarding limitations, and Villas cross-appealed. Villas argued for reversal of Hennen's breach-of-contract award because (1) the cost of repair exceeded the value of the house, (2) Hennen failed to establish that his repair costs were reasonable and necessary, and (3) Hennen failed to submit evidence of the cost of repair at the time of the injury. A divided court of appeals affirmed. 335 S.W.3d 642, 655.

Villas petitioned this Court for review,[1] advancing two arguments: (1) Hennen presented no evidence that the estimated repair cost was reasonable and necessary, and (2) because remedial damages would result in economic waste, the only recoverable measure of damages is the difference in market value, on which Hennen failed to produce evidence. We agree that the evidence is legally insufficient to support the jury's finding that $651,230.72 was a reasonable and necessary cost to repair Hennen's house. And we agree that Hennen did not produce evidence of the difference in market value, as of the date of closing, between the house received and a house

---

1. Hennen did not petition this Court for review and instead raises "cross points of error" regarding the court of appeals' limitations holding for the first time in his brief on the merits. Because he did not file a petition for review, Hennen has waived these arguments. *See* TEX.R.APP. P. 53.1 ("A party who seeks to alter the court of appeals' judgment must file a petition for review."); *Ctr. for Health Care Servs. v. Quintanilla,* 121 S.W.3d 733, 735 (Tex.2003) (per curiam).

built according to the contract. We reverse the court of appeals' judgment and render judgment that Hennen take nothing on his breach-of-contract claim.

■■■ There are two measures of damages for the breach of a construction contract: (1) remedial damages, which is the cost to complete or repair less the unpaid balance on the contract price, and (2) difference-in-value damages, which is the difference between the value of the building as constructed and its value had it been constructed according to the contract. *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 164 (Tex.1982). A party seeking to recover remedial damages must prove that the damages sought are reasonable and necessary. *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 200 (Tex.2004) (per curiam). To establish that, the plaintiff must show more than simply "the nature of the injuries, the character of and need for the services rendered, and the amounts charged therefor." *Dall. Ry. & Terminal Co. v. Gossett*, 156 Tex. 252, 294 S.W.2d 377, 383 (1956). Instead, some other "evidence showing that the charges are reasonable" is required. *Id.*

*Mustang Pipeline* illustrates this principle. There, Driver agreed to build Mustang a pipeline. *Mustang Pipeline Co.*, 134 S.W.3d at 196. Unexpected weather prevented Driver from completing the task on time, and Driver sought an extension. *Id.* Mustang then contracted with another company to finish Driver's portion of the pipeline and sued Driver for breach of contract. *Id.* at 197. The jury found that Driver had breached the agreement and awarded Mustang $2 million. *Id.* The trial court and court of appeals, however, set that award aside because Mustang did not establish that the $2 million it paid the new company was a reasonable cost for the completion of the pipeline. *Id.* at 198.

We agreed. *Id.* at 201. Mustang's expert estimated the cost for the new company to complete the contract but did not opine about "whether that contracted amount was a reasonable cost to build a pipeline." *Id.* We noted that evidence of out-of-pocket costs alone "did not establish that the damages were reasonable and necessary." *Id.* Instead, we found it "well settled that proof of the amounts charged or paid does not raise an issue of reasonableness, and recovery of such expenses will be denied in the absence of evidence showing that the charges are reasonable." *Id.* (quoting *Gossett*, 294 S.W.2d at 383). Because Mustang failed to produce evidence on the reasonableness of its damages, we held that the trial court correctly set aside the damage award. *Id.*

■■ Here, the jury awarded both remedial and difference-in-value damages, and the trial court rendered judgment on the amount of remedial damages. Hennen's expert's testimony was the only evidence offered on reasonable remedial damages. He derived his estimated costs of repair from an "Exactimate" program "that's used widely in the insurance industry." The program had a Houston price guide, which he compared with Corpus Christi and found to be "within a percent or two difference." He further testified that because not every price issued by the program is right, "we have to cross-reference and double check all our pricing." And finally, he testified that "some of the other costs came from subcontractors or historical data or jobs."

The court of appeals found this evidence legally sufficient to support the jury's finding that the repair costs were reasonable. 335 S.W.3d at 654. But Hennen's evidence on reasonableness is quite similar to what we concluded was insufficient in *Mustang Pipeline*. Estimated out-of-pocket expenses, like paid out-of-pocket expenses,

do not establish that the cost of repair was reasonable. Some other evidence is necessary. Neither Hennen's damage expert nor any other witness testified to the reasonableness of the estimated cost.

Hennen argues, however, that his expert testified extensively about how he derived his pricing estimate, which is the same as reasonableness. That explanation may explain how the figure was derived, but it does not in itself make the figure reasonable. In some cases, the process will reveal factors that were considered to ensure the reasonableness of the ultimate price. But that did not happen here. Hennen's expert established only that some of the pricing came from a widely used software program and some from "subcontractors or historical data or jobs." We agree with the dissenting opinion below that this evidence does not support the jury's finding that the estimated cost of repair was reasonable.

■ We next address the remaining damage award. The jury awarded $262,885.83 as the difference in value between the house as received and a house built according to the contract. Villas argues that no evidence supports this award because Hennen did not offer any evidence on the value of his house during the relevant time period.

The jury was instructed that "[t]he difference in value, if any, shall be determined as of the date of the closing," and we measure the evidence by the charge as given. See Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp., 299 S.W.3d 106, 112 (Tex.2009). Hennen, however, testified to the value of his house at the time of trial, which was six years after the closing date. In response to a question asking if he knew what his property was worth, Hennen stated, "In my layman's ability to do so, I have an idea of what I think it's worth today." He then proceeded to testify that his house was worth $450,000 to $475,000 and that "without all these problems" it would be worth $875,000. This testimony is no evidence of the difference in value at the time of closing.

Hennen argues that the jury could have reasonably inferred that the difference-in-value damages at the time of closing were close to the cost of repair, $651,230.72. Thus, it was within the jury's discretion to award the lesser amount. But remedial damages and difference-in-value damages are not the same. Otherwise, there would be no need to submit separate questions for the different measures. The jury was required to determine an award based on the value of the house at the time of closing, and Hennen offered no evidence of the house's value at that time.

■ Hennen also argues that Villas waived this argument by not raising it in its brief to the court of appeals. But at the court of appeals, Villas argued that Hennen failed to prove *any* measure of legally recoverable damages and specifically argued that no evidence supported the difference in value damages:

> There is also no evidence upon which the jury could have based its answer of $262,885.83 as the difference in value of the house as represented and as received. There was no evidence of the value of the house when Hennen received it in September 2002, when he closed into his permanent financing and began occupying it. While Hennen did testify as to his opinion of the value of his home at the time of trial, he offered no evidence of its value when he closed.

Villas also urged this argument in the trial court and objected to the difference-in-value submission on that basis. Villas preserved its challenge to the difference-in-value damages.

No evidence supports the reasonableness of the remedial damages awarded by the jury. As a result, the court of appeals erred in affirming the trial court's judgment awarding Hennen $651,230.72. Hennen cannot opt for the difference-in-value damages awarded by the jury because he offered no evidence of the value of his house at the time of closing. Accordingly, without hearing oral argument, we grant Villas' petition for review, reverse the court of appeals' judgment, and render judgment that Hennen take nothing. Tex. R.App. P. 59.1, 60.2(c).