ACCEPTED
01-14-00779-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/23/2015 1:23:38 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-14-00779-CV

In the Court of Appeals
First Judicial District of Texas
Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

10/23/2015 1:23:38 PM

CHRISTOPHER A. PRINE
Clerk

———————————————————————————————

## POINTE WEST CENTER, LLC
*Appellant,*

*vs.*

## IT'S ALIVE, INC. AND SHAMIL QURESHI
*Appellees/Cross-Appellants,*

———————————————————————————————————————

Appeal from County Civil Court at Law No. 1
Harris County, Texas
Cause No. 1022800

———————————————————————————————————————

## APPELLEES/CROSS-APPELLANTS'
## MOTION FOR REHEARING

———————————————————————————————————————

James A. Dunn
Texas Bar No. 06244800
3006 Brazos Street
Houston, Texas 77006
Tel.: (713) 403-7405
Fax: (713) 230-8940
Email: jdunn@dnglegal.com

COUNSEL FOR APPELLEES/
CROSS-APPELLANTS
IT'S ALIVE, INC. AND
SHAMIL QURESHI

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES………………………………………………………3

ISSUE PRESENTED FOR REVIEW…………………………………………...5

ARGUMENT AND AUTHORITIES…………………………………………...5

PRAYER……………………………………………………………...……9

CERTIFICATE OF COMPLIANCE……………………………………………...10

CERTIFICATE OF SERVICE…………………………………………………11

# INDEX OF AUTHORITIES

*Akin, Gump, Strauss, Hauer & Feld, LLP v. National Development and Research Corp.*, 299 S.W.3d 106, 123-124 (Tex. 2009)……….………...6, 7

*Guevara v. Ferrer*, 247 S.W.3d 662 (Tex. 2007) …………………………….5, 6, 7

*McGinty v. Hennen,* 372 S.W.3d 625, 627 (Tex. 2012)……………………………8

*Texarkana Memorial Hospital, Inc. v. Murdock*, 946 S.W.2d 836, 841 (Tex. 1997)……………………………………………………….……7

*Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 1786 (Tex. 1986) …………………….9

**NO. 01-14-00779-CV**

In the Court of Appeals
First Judicial District of Texas
Houston, Texas

_____

**POINTE WEST CENTER, LLC**
*Appellant,*


*vs.*


**IT'S ALIVE, INC. AND SHAMIL QURESHI**
*Appellees/Cross-Appellants,*

_____


Appeal from County Civil Court at Law No. 1
Harris County, Texas
Cause No. 1022800

_____


**APPELLEES/CROSS-APPELLANTS'
MOTION FOR REHEARING**
_____



TO THE HONORABLE COURT OF APPEALS:

Appellees/Cross-Appellants, It's Alive, Inc. and Shamil Qureshi file their

Motion for Rehearing. For the reasons set forth herein, the Judgment entered in

favor of Pointe West Center, LLC should be reversed and rendered.

## ISSUE PRESENTED FOR REVIEW

Did the Court of Appeals err in reversing and remanding this case rather than reversing and rendering when the Court of Appeals sustained Cross-Appellants' No Evidence of Damages Issue.

## ARGUMENT AND AUTHORITIES

In its Opinion the Court of Appeals stated that ordinarily appellate courts render judgment when sustaining a no-evidence issue (opinion at p. 13). In deciding to reverse and remand instead of render, the Court of Appeals stated that "when there is evidence to support some damages, it is not appropriate to render judgment" citing *Guevara v. Ferrer*, 247 S.W.3d 662, 670 (Tex. 2007). In *Guevara*, the Supreme Court noted that "Affidavits proving up the medical bills are evidence that expenses were reasonable in amount and necessary for treatment of [the plaintiff's condition], but the bills are not evidence of what all the conditions were nor that all the conditions were caused by the accident." *Id* at 669. The Supreme Court went on to note that the evidence is legally sufficient to support a finding that some of his medical expenses were causally related to the accident. However the Supreme Court also concluded that the evidence was not legally sufficient to prove what the conditions were that generated all of the medical expenses or that the accident caused all of the conditions and expenses for their treatment. In the passage cited by the Court of Appeals, the Supreme Court concluded that "when there is evidence to

5

support some damages it is not appropriate to render judgment." It is clear that the Supreme Court was relying on the fact that the plaintiffs did produce legally sufficient evidence as to both some of the medical expenses being reasonable and necessary and caused by the accident. This is made clear when the Court concludes by the suggestion that the case be remanded to the Court of Appeals for determination of an appropriate remittitur "to consider remittitur as to expenses for which expert evidence is required." If there were no legally sufficient evidence, then there would be no suggestion of remand for purposes of determining whether remittitur was appropriate.

In *Akin, Gump, Strauss, Hauer & Feld, LLP v. National Development and Research Corp*., 299 S.W.3d 106, 123-124 (Tex. 2009) the Supreme Court cited the *Guevara* opinion on the issue of reversal and remand. In *Akin*, the Supreme Court noted that the plaintiff produced legally sufficient evidence to support the jury's finding that the defendant's negligence caused plaintiff to retain two outside lawyer-professors expert witnesses for which the plaintiff paid fees and for which the plaintiff sought damages. The Supreme Court noted that there was legally sufficient evidence on the damages issue as to the two outside lawyer-professors but noted that the fees paid to these two lawyers amounted only to $59,500 out of the $216,590 in fees awarded at trial. The Supreme Court stated: "Accordingly, although the evidence is legally sufficient to support a finding of some amount, it is legally

insufficient to support the entire amount the jury found." [citing *Guevara* and *Texarkana Memorial Hospital, Inc. v. Murdock*, 946 S.W.2d 836, 841 (Tex. 1997)]. The *Akin* Court concluded that when there is some evidence of damages, but not enough to support the full amount, it is inappropriate to render judgment. However, the key point made is that where there is some legally sufficient evidence to support the judgment but not the full amount, only then is it appropriate to reverse and remand. The Supreme Court noted that ordinarily "we render judgment when we sustain a no evidence issue." *Id* at 124.

The *Murdock* case cited in *Akin* was a medical malpractice case. The parties stipulated that the medical expenses were reasonable and necessary. The issue was to what extent the damages were caused by the defendants' negligence. In deciding to remand in that case, the Supreme Court stated: that because the plaintiffs presented legally sufficient evidence that some of the medical expenses resulted from the defendants' negligence that they should be afforded the opportunity to develop this evidence further.

Unlike the cases cited above supporting reversal and remand, this Court has held unequivocally that Pointe West failed to present legally sufficient evidence of its damages. This Court noted **"No testimony or exhibit** was presented to specifically identify what costs should be included as part of Pointe West's claim for damages." (Opinion at p. 11) This Court noted that **"None of the evidence** offered

7

any differentiation between work done in It's Alive's space, in other spaces within the shopping center, or at locations beyond the shopping center. (Opinion at p. 11). The Court further noted that Pointe West's **evidence failed to establish with any reasonable particularity what the costs of repair actually were** (Opinion at p. 12). This Court concluded that **"Because there was no proof of the actual amount of damages there was no proof that the damages presented were reasonable and necessary."** (Opinion p. 12-13).

In its opinion the Court stated that Pointe West presented ample evidence of injury as It's Alive vacated the premises, but the Court noted that a plaintiff seeking to prove remedial damages must show more than the nature of injuries, need for services rendered, and amounts charged citing *McGinty v. Hennen,* 372 S.W.3d 625, 627 (Tex. 2012). (Opinion at p. 12) It's Alive has challenged Pointe West's claims as being exaggerated. Pointe West already has received a security deposit of $8,000.00 from It's Alive and kept that security deposit. (5 RR P. Ex. 1, D Ex. 5).

Pointe West has had a full and complete opportunity to present legally sufficient evidence of any reasonable and necessary expenses caused by It's Alive. It has failed to do so. This Court has sustained It's Alive no evidence challenges to the Judgment. Yet this Court has determined to give Pointe West a second bite at the apple and force It's Alive to incur the expense of another trial and potentially even greater exposure for additional attorney's fees sought by Pointe West. The

8

long-standing rule that when a no evidence point is sustained, rendition is proper should be followed.

The case of *Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 176 (Tex. 1986) is instructive. The Supreme Court noted that the Court of Appeals found that there was no evidence of the automobile's market value to support an award for damages under the DTPA. The Court of Appeals then remanded the DTPA portion of the cause for a new trial to determine market value. The Supreme Court stated that "Generally, if the Court of Appeals sustains a 'no evidence' point, it is the court's duty to render judgment for appellant. This is such a basic rule of law that we are convinced that the court of appeals meant to find insufficient evidence and remand or to find no evidence and render. Rather than remand the Supreme Court held that "there was no evidence to support the jury's answer to market value. Rendition is proper." *Id* at 176.

## **PRAYER**

Based on the foregoing, It's Alive, Inc. and Shamil Qureshi, Appellees and Cross-Appellants respectfully request that the Court of Appeals grant this Motion for Rehearing and reverse the Judgment awarding Pointe West, LLC actual damages in the amount of $15,000.00, and render Judgment that Pointe West, LLC take nothing.

Respectfully submitted,

DUNN, NEAL & GERGER, L.L.P.

By: ____/s/ James A. Dunn_____
        James A. Dunn
        Texas Bar No. 06244800
        3006 Brazos Street
        Houston, Texas 77006
        Tel.: (713) 403-7405
        Fax: (713) 960- 0204
        Email: jdunn@dnglegal.com

        Attorney for Appellees/Cross
        Appellants, It's Alive, Inc. and
        Shamil Qureshi

## CERTIFICATE OF COMPLIANCE

This Brief of Cross-Appellants complies with the typeface and length requirements of Texas Rule of Appellate Procedure 9.4 because:

(1)    This brief complies with typeface and the type style requirements of Rule 9.4(e) because the brief has been prepared in a conventional typeface using Word with Times New Roman 14-point font.

(2)    This brief complies with the length requirements of Rule 9.4(i)(2)(B) because it contains 1,659 words, excluding the parts of the brief exempted by Rule 9.4(i)(1).

        /s/James A. Dunn
        James A. Dunn
        Attorney for Cross-Appellants

10

## CERTIFICATE OF SERVICE

I certify that on October 23, 2015, a true and correct copy of the foregoing instrument was served on Appellant's counsel, Spencer E. Dunn, 4669 Southwest Freeway, Suite 760, Houston, Texas 77027, by electronic service through the e-filing case manager in accordance with the Texas Rules of Civil Procedure.

/s/ James A. Dunn
James A. Dunn
