Jane Bland, Justice
This is a law firm's suit against its former clients for unpaid attorney's fees. The trial court granted summary judgment to the law firm for the fees, plus the additional fees that the law firm incurred in collecting its contract damages. The clients appeal, contending that the law firm did not conclusively establish liability for the amount of fees owed, nor for the fees incurred in collecting the debt. The clients further contend that the trial court erred in striking one of their late-designated expert witnesses. Because the summary-judgment evidence does not conclusively establish the amounts owed, we reverse and remand.
BACKGROUND
Dow Golub Remels & Beverly, LLP, represented Laurie Ann McRay; Infinity Capital, LLC; and McRay Money Management, LLC (collectively, McRay) in two lawsuits. In the first, Dow Golub defended Infinity Capital against claims arising out of mold in a rental property and pursued a counterclaim against Infinity Capital's tenants, who allegedly had damaged the property. In the second, Dow Golub defended Laurie Ann McRay, McRay Money Management, and Infinity Capital against claims brought by investors in McRay's entities for breach of fiduciary duty, professional malpractice, and violations of the Texas Securities Act.
In engagement agreements for the two lawsuits, McRay agreed to pay Dow Golub fees for its professional services. McRay had the right to terminate the representation at any time by written notice, at which time she would owe the charges incurred to that point, plus post-termination fees associated with transfer of the files. The engagement agreements say: "It is difficult to predict exactly how much time will be required to complete our legal work. The Firm will devote, however, the time which we deem necessary to carry out the representation."
The engagement agreements also entitle Dow Golub to seek the fees that it might incur in pursuing payment of its unpaid invoices: "[Dow Golub] is entitled to reasonable attorney's fees and costs if collection activities are necessary for the failure of [McRay] to pay any indebtedness to the Firm."
In February 2015, McRay terminated Dow Golub's representation. At the time, McRay did not pay amounts charged in certain of Dow Golub's invoices. Dow Golub later issued two invoices for additional legal work, in July 2015 and in August *704 2015, which McRay also did not pay. Dow Golub sued McRay and her entities to recover its unpaid fees, alleging causes of action for breach of contract and quantum meruit. McRay answered, denying the amount owed, and she asserted a counterclaim for professional negligence.
After the time for designating expert witnesses had passed, Dow Golub moved for a traditional summary judgment on its breach of contract claim for unpaid fees. It attached an affidavit from Sanford Dow, to which he attached the unpaid invoices, noting that they reflected the legal fees and expenses incurred by McRay.
McRay responded to the motion by stating that "the attorneys' fees for which Dow Golub seeks to be paid were excessive as are the fees for which they seek to be compensated to recover those fees." She noted that some entries in the invoices were heavily redacted, so that "it is not possible to tell what legal services were performed."
McRay also moved in the trial court to allow a late designation of expert witnesses. With the motion, McRay proffered affidavits from two experts, John P. Venzke, on the reasonableness of the fees, and Eugene B. Wilshire, on the standard of care. Dow Golub moved to strike the late-designated experts. The trial court struck Wilshire, but it allowed Venzke.
Venzke is a practicing lawyer who has "handled and submitted invoices for legal services for thousands of files," and he has "audited invoices for legal services." He stated that he is "familiar with reasonable billing rates and time entries in Harris County, Texas." Venzke averred that he had reviewed the entire file, including "the billing records submitted by [Dow Golub]." He opined that "the fees sought are not reasonable and necessary for the services performed."
McRay nonsuited her professional-negligence counterclaim, but she filed an amended answer adding affirmative defenses of "credit and/or setoff" and "breach of fiduciary duty."
The trial court granted final summary judgment to Dow Golub. McRay moved to modify the judgment and for a new trial. The trial court denied the motions.
DISCUSSION
McRay challenges the legal sufficiency of the summary-judgment evidence supporting Dow Golub's contract damages. Noting that no one from Dow Golub proffered an affidavit that the amount of fees that it charged in the two engagements was reasonable, she contends that Dow Golub has failed to conclusively establish that the amount it claims it is owed was reasonable and necessary and, in particular, that Dow Golub improperly seeks amounts for fees that it charged after McRay had terminated the representation. Thus, McRay argues, genuine issues of material fact exist as to the amount owed under the fee agreements. Dow Golub responds that it proffered copies of its unpaid invoices and that it did not have a burden to demonstrate that the fees it sought were reasonable to establish its contract damages.
I. Contract Damages
A. Standard of Review
We review summary judgments de novo. Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding , 289 S.W.3d 844, 848 (Tex. 2009). In doing so, we take as true all evidence favorable to the nonmovant, indulge every reasonable inference in the nonmovant's favor, and resolve any doubts in the nonmovant's favor. Provident Life & Accident Ins. Co. v. Knott , 128 S.W.3d 211, 215 (Tex. 2003). The movant must show that no genuine issue of material *705 fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P . 166a(c) ; Provident Life , 128 S.W.3d at 215-16. If the movant seeks summary judgment finding liability and awarding damages on its cause of action, then it must prove all elements of the cause of action as a matter of law. Ayele v. Jani-King of Houston, Inc. , 516 S.W.3d 630, 634 (Tex. App.-Houston [1st Dist.] 2017, no pet.). Once the movant shows it is entitled to judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a fact issue to defeat summary judgment. Green v. Lowe's Home Ctrs., Inc. , 199 S.W.3d 514, 518 (Tex. App.-Houston [1st Dist.] 2006, pet. denied).
B. Attorney's Fees as Contract Damages
An attorney may recover unpaid hourly fees for professional services rendered under the usual rules of contract law. See, e.g. , Stuart v. Bayless , 964 S.W.2d 920, 921-22 (Tex. 1998) (per curiam) (reversing contingency-fee award under usual rules of contract law for consequential damages and affirming non-contingency remainder of fee award); John H. Carney & Assocs. v. Ahmad , No. 07-15-00252-CV, 2016 WL 368527, at *2 (Tex. App.-Amarillo Jan. 28, 2016, pet. denied) (mem. op.) ("A suit by an attorney against a client or former client for the recovery of attorney's fees under an hourly fee contract of representation is governed by the usual rules of contract law.").
Under the usual rules of contract law, a plaintiff must prove, as a matter of law: (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach by the defendant, and (4) the amount of damages sustained as a result of the breach. N. & W. Ins. Co. v. Sentinel Inv. Grp., LLC , 419 S.W.3d 534, 539 (Tex. App.-Houston [1st Dist.] 2013, no pet.). McRay does not challenge the existence of the two engagement agreements. She does not challenge Dow Golub's summary-judgment evidence that it performed services under those agreements and that some invoices remain unpaid. She does contend, however, that Dow Golub has failed to establish the reasonableness of its fees as a matter of law.
The Texas Supreme Court has observed that "[w]hen interpreting and enforcing attorney-client fee agreements, it is not enough to simply say that a contract is a contract. There are ethical considerations overlaying the contractual relationship." Hoover Slovacek LLP v. Walton , 206 S.W.3d 557, 560 (Tex. 2006) (internal quotation omitted). The attorney's contract remedy is "subject to the prohibition against charging or collecting an unconscionable fee." See ids="8447069" index="9" url="https://cite.case.law/sw3d/206/557/#p560">id. at 561 (citing TEX. DISCIPLINARY RULES PROF'L CONDUCT R . 1.04(a), reprinted in TEX. GOV'T CODE ANN. , tit. 2, subtit. G, app. A (West 2013) ( TEX. STATE BAR R. art. X, § 9) ). The Supreme Court has "applied Rule 1.04 as a rule of decision in disputes concerning attorney's fees." Hoover Slovacek , 206 S.W.3d at 561 n.6 (collecting cases).
C. Analysis
In its summary-judgment affidavit proving up its fees, Dow Golub does not attest that the time that it billed, as reflected in its invoices, was reasonable for representing McRay and her entities in the two lawsuits. Rather, the supporting affidavit states that the invoices represent "legal fees and expenses incurred" by the McRay entities. Dow Golub did not adduce summary-judgment evidence showing that the time reflected in its billing records was reasonable for the rendition of legal services. In contesting the motion for summary judgment, Venzke testified that he was familiar with time entries and had *706 audited legal bills. He opined that the amount sought in the invoices was not reasonable for the services rendered.
Because Dow Golub did not offer any evidence that the hours it expended or the overall fees it charged in connection with the lawsuits were reasonable, and because McRay challenged the reasonableness of the amount owed with a contravening affidavit, we hold that Dow Golub has failed to conclusively establish the amount of attorney's fees that it is owed as contract damages. See TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.04(a), (b); Hoover Slovacek , 206 S.W.3d at 560-61 & n.6 ; see also J. Bennett White, P.C. v. Reeder , No. 12-17-00026-CV, 2018 WL 851367, at *5 (Tex. App.-Tyler, Feb. 14, 2018, no pet.) (mem. op.) (holding evidence legally and factually sufficient to support jury verdict awarding unpaid fees as contract damages where attorney testified that fees were reasonable); Ashton Grove L.C. v. Jackson Walker L.L.P. , 366 S.W.3d 790, 799 (Tex. App.-Dallas 2012, no pet.) (holding that law firm failed to conclusively prove amount owed under engagement agreement where it "made no attempt" to prove up reasonableness of fees).
Dow Golub responds that it need not establish the reasonableness of the amounts that it charged McRay because it charged the hourly rate set forth in the engagement agreements and provided invoices to establish the number of hours that its attorneys and legal assistants worked. We agree that the hourly rate was established by contract, but that is only half of the equation: the amounts charged in the invoices were derived by multiplying the agreed-upon rate by the number of hours worked. The engagement agreements did not fix the overall time expended and total amount billed to McRay. Rather, those agreements specified that Dow Golub would expend time that, in its professional judgment, it "deem[ed] necessary to carry out the representation." Dow Golub's summary-judgment evidence does not attest to whether or how the time reflected on the invoices was deemed to be necessary.
Dow Golub relies on cases involving contingent-fee agreements. See, e.g. , In re Polybutylene Plumbing Litig. , 23 S.W.3d 428 (Tex. App.-Houston [1st Dist.] 2000, pet. dism'd). In the PolybutylenePlumbing case, our court upheld a contingency-fee contract because it contained the parties' entire agreement concerning payment in exchange for the services rendered. Id. at 436-42 ; see also Lopez v. Muñoz, Hockema & Reed, L.L.P. , 22 S.W.3d 857, 860-62 (Tex. 2000) (holding that contingency-fee agreement that increased percentage of recovery by 5% if case was appealed was not ambiguous).
The amount owed to an attorney in contingent-fee cases is fixed based on the contract and the ultimate recovery for the client. The same cannot be said for hourly-fee agreements, which fix the hourly rate, but leave the number of hours to bill to the attorney's professional judgment. An hourly fee is not dependent on the ultimate recovery for the client, and the amount owed for legal services can exceed the amount in controversy. See Hoover Slovacek , 206 S.W.3d at 563 & n.8 (noting that hourly-fee arrangements are not outcome dependent). But that does not mean that a client cannot contest the reasonableness of the amount charged. In the cases that Dow Golub cites involving disputes over hourly-fee engagements, either evidence supported the reasonableness of the charges or the time expended, or reasonableness was admitted and otherwise unchallenged.
For example, in McGuire, Craddock, Strother & Hale, P.C. v. Transcontinental Realty Investors, Inc. , the Dallas Court of Appeals upheld fees as contract damages *707 based on expert testimony as "to the reasonableness of McGuire, Craddock's attorney's fees." 251 S.W.3d 890, 898 (Tex. App.-Dallas 2008, pet. denied). Similarly, in Kleas v. Clark, Thomas & Winters, P.C. , No. 03-12-00755-CV, 2013 WL 4516120 (Tex. App.-Austin Aug. 21, 2013, pet. denied) (mem. op.), the law firm introduced the client's deemed admissions that the unpaid attorney's fees it sought were reasonable, and the client did not proffer attorney testimony to dispute the reasonableness of the fees charged. See 2013 WL 4516120, at *1.[1]
In contrast, McRay challenges the amount sought. McRay observes that Dow Golub sent invoices in July and August 2015, more than five months after she terminated the representation. These invoices bear the notation "Matter: The Maribel Allport Revocable Trust." Dow Golub's affiant averred that they are part of "a series of invoices from [Dow Golub] for work performed for [McRay] in the Allport Lawsuit (from September 21, 2012 through August 10, 2016)." Reading the summary-judgment record in a light favorable to McRay, as we must, the July and August 2015 invoices do not establish that they relate to the Firm's withdrawal from the representation and transfer of the files, as contemplated by the engagement agreement's allowance for post-termination fees.
Finally, we note that Dow Golub did not sue on a sworn account, which allows a party to establish a prima facie right of recovery for "any claim ... for personal service rendered." See TEX. R. CIV. P . 185. Had Dow Golub pleaded its case as a sworn account, absent a verified denial and specific challenge to the amount owed, we agree that it would not be required to adduce proof of reasonableness of the fees beyond attaching detailed invoices as prima facie evidence of the debt. See Ashton Grove , 366 S.W.3d at 797 ; see also Panditi v. Apostle , 180 S.W.3d 924, 927 (Tex. App.-Dallas 2006, no pet.) (affirming summary judgment because law firm presented prima facie case on sworn account and thus "was not required to offer additional proof, as argued by [client], that the fees and expenses were reasonable and necessary, and assessed at the usual and customary rate").
We hold that, to recover on its claim for breach of its engagement agreements, it was Dow Golub's summary-judgment burden to attest that the hours that it billed to the two engagements, and thus the overall fees that it charged, were reasonable for the professional services that it rendered. Hoover Slovacek , 206 S.W.3d at 560-61 & n.6.[2] Accordingly, we conclude that the trial court erred in awarding Dow Golub $167,429.67 in attorney's fees as damages as a matter of law.
*708 II. Remaining Issues
The engagement agreements allow Dow Golub to recover "reasonable attorney's fees and costs if collection activities are necessary for the failure of [McRay] to pay any indebtedness to the Firm." Because we have reversed the summary judgment, the award of attorney's fees and expenses incurred in prosecuting this suit must also be remanded for further determination. See TEX. CIV. PRAC. & REM. CODE § 38.001 ; Green Int'l, Inc. v. Solis , 951 S.W.2d 384, 390 (Tex. 1997) ("To recover attorney's fees under Section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages."). Our resolution of this issue makes it unnecessary to address McRay's remaining contention that the trial court erred in denying leave to allow an untimely designated expert witness.
CONCLUSION
We reverse the summary judgment awarding damages for Dow Golub's claim for breach of contract and remand the case to the trial court for further proceedings.

In the same case, the Austin Court of Appeals held that an affidavit setting forth that the law firm performed the work reflected in its invoices established the law firm's breach of contract damages for unpaid legal services. Kleas v. Clark, Thomas & Winters, P.C. , No. 03-12-00755-CV, 2013 WL 4516120, at *2 (Tex. App.-Austin Aug. 21, 2013, pet. denied) (mem. op.). In doing so, it distinguished the reasonableness analysis that the Dallas Court of Appeals used in Ashton Grove . The Austin Court noted, however, that the nonmovant brought forward no summary-judgment evidence contesting the reasonableness of the fees. In contrast, in this case, McRay challenged the reasonableness the fees awarded with an expert affidavit.

In contrast to the averments in support of its contract damages, Dow Golub supported its claim for the attorney's fees that it incurred in prosecuting this lawsuit with an averment that the fees incurred were "reasonable and necessary to the proper resolution of this cause of action."