In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00241-CV
_____

SUPERIOR DEVELOPMENT GROUP, LLC
AND MICHAEL COWART, Appellants

V.

TAMI KNOX, Appellee

_____

On Appeal from the 457th District Court
Montgomery County, Texas
Trial Cause No. 23-09-12674-CV
_____

**MEMORANDUM OPINION**

Superior Development Group, LLC and Michael Cowart (collectively, "Appellants") appeal the trial court's final summary judgment in favor of Tami Knox. On appeal, Appellants complain that the trial court erred in failing to apply the Texas Residential Construction Liability Act (TRCLA), erred in denying Appellants' motion to withdraw deemed admissions pursuant to Texas Rule of Civil

1

Procedure 198.3, erred in granting summary judgment on Knox's breach of contract, Texas Deceptive Trade Practices Act (DTPA), and Texas Construction Trust Fund Act (TCTFA) claims, and erred in awarding additional damages. Because Knox failed to conclusively establish the unliquidated damages awarded in the summary judgment, we reverse and remand.

*Background*

Knox's petition asserts she and Superior entered into a contract under which she was to pay Superior $116,500 to remodel her patio and construct a pool. Knox claims Superior's work caused her roof to leak, resulting in water damage to the interior of her home. She also claims the concrete foundation Superior constructed was insufficient to support the patio's structure. According to Knox, Superior refused to correct these problems, so she terminated the contract and sustained damages consisting of the cost to repair the damage and complete the project. Knox's petition asserts several claims against Appellants, including breach of contract, violations of the DTPA—Consumer Protection Act, and misappropriation of construction funds in violation of the TCTFA. *See* Tex. Bus. & Comm. Code Ann. §§ 17.41-.49; Tex. Prop. Code Ann. §§ 162.001-.007.

After Superior and Cowart answered the lawsuit, Knox served each a set of Requests for Admissions which went unanswered. Relying on Appellants' deemed admissions, the contract, and her own affidavit, Knox filed a traditional motion for

2

summary judgment asserting the evidence conclusively establishes all the elements of her claims for breach of contract and violations of the DTPA and TCTFA. *See* Tex. R. Civ. P. 166a(c).[1] Regarding damages, Knox's affidavit states,

> The cost to repair the deficient concrete foundation and the outdoor patio and complete the work was $32,692.00. The cost to complete the pool was $40,000.00. The cost to complete the electric scope of work on the outdoor patio cover was $6048.00. The cost to repair the interiors of the home was $5,100.00. The total cost to complete the work totals $83,840.00. I paid Superior Development the sum of $71,400.00 of the total contract sum of $116,500.00. Attached to this affidavit are invoices I have paid to complete the work totaling $83,840.00. Accordingly, I have suffered damages of $38,740.00 for completing the work above the contract price of $116,500.

Appellants filed a response and a supplemental response. The trial court signed a Final Summary Judgment awarding Knox $38,740 in actual damages and $116,200 in additional damages, with additional awards for attorney fees, costs and interest. Appellants filed a combined motion for new trial and motion to withdraw deemed admissions. After the motion was denied, Appellants timely filed this appeal.

*Analysis*

Appellants challenge the summary judgment on several grounds, including that Knox's damages "were not supported by any document or expert testimony

---

[1]Rule 166a was amended in March 2026, but we refer to the version in effect when the motion was filed.

3

[and] are also insufficiently supported." In addition to complaining that no invoices were actually attached to Knox's affidavit, Appellants quote the following passage from *Santacruz v. Allstate Texas Lloyd's, Inc.*:

> In a similar vein, a party seeking to recover for the cost of repairs must present competent evidence so that the trier of fact is justified in finding that the repairs are necessary and that the cost of the repairs is reasonable. *Perry Homes v. Alwattari*, 33 S.W.3d 376, 385 (Tex. App.—Fort Worth 2000) (holding that plaintiffs' son's testimony about the cost and nature of the repairs, while perhaps sufficient to show that the repairs were necessary, was not sufficient to support the jury's finding that the expenses were reasonable).

No. 3:12-CV-02553-BK, 2013 WL 3196535, at *5 (N.D. Tex. June 25, 2013), *aff'd in part, rev'd in part and remanded* 590 F. App'x 384 (5th Cir. 2014) (per curiam).

Although Appellants' summary judgment response does not include an issue complaining that Knox's motion fails to provide evidence of reasonableness and necessity, we nevertheless conclude the issue is properly before us because it constitutes a challenge to the legal sufficiency of Knox's motion. *See McGinty v. Hennen*, 372 S.W.3d 625, 626 (Tex. 2012) (concluding evidence of repair costs was legally insufficient to support jury finding in absence of evidence of reasonableness and necessity). Although Rule 166a(c) generally prevents parties from raising new issues on appeal, a non-movant may still assert for the first time on appeal that the movant's summary judgment evidence is legally insufficient. *See* Tex. R. Civ. P. 166a(c); *Weekley Homes v. Paniagua*, 646 S.W.3d 821, 826 (Tex. 2022). "Summary

4

judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

Rule 166a(c) provides that a trial court shall render summary judgment if the evidence "show[s] that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion[.]" Tex. R. Civ. P. 166a(c). "A plaintiff moving for summary judgment must conclusively prove all essential elements of its claim." *LeBlanc v. Lamar State Coll.*, 232 S.W.3d 294, 298 (Tex. App.—Beaumont 2007, no pet.). When a plaintiff files a motion for summary judgment conclusively establishing each element of her claim, the trial court may grant a partial summary judgment on liability, leaving the amount of damages to be determined at trial. *See Pinnacle Anesthesia Consultants, P.A. v. Fisher*, 309 S.W.3d 93, 100 (Tex. App.—Dallas 2009, pet. denied); *Beck v. W. Houston Airport Corp.*, No. 14-09-00471-CV, 2010 WL 3168394, at *2 (Tex. App.—Houston [14th Dist.] Aug. 12, 2010, no pet.) (mem. op.). But a summary judgment that awards damages is appropriate only if the plaintiff conclusively establishes the amount awarded. *See Woody's Access, LLC v. Harris Cnty. Tax Assessor-Collector*, No. 01-21-00469-CV, 2022 WL 904620, at *2 (Tex. App.—Houston [1st Dist.] Mar. 29, 2022, no pet.)

5

(mem. op.) ("A plaintiff seeking a summary judgment awarding damages on its claim must conclusively establish its damages."); *McRay v. Dow Golub Remels & Beverly, LLP*, 554 S.W.3d 702, 705 (Tex. App.—Houston [1st Dist.] 2018, no pet.). (same).

We have observed that it is rarely appropriate for unliquidated damages to be awarded by way of summary judgment. *Kennedy v. Aattaboy Termite & Pest Control, Inc.*, No. 09-19-00109-CV, 2021 WL 1567225, at *3 (Tex. App.—Beaumont Apr. 22, 2021, no pet.) (mem. op.). "[L]iquidated damages exist 'when the parties to a contract have agreed in advance on the measure of damages to be assessed in the event of default.' In contrast, unliquidated damages are damages 'that have not been previously specified or contractually provided for.'" *Id.* (quoting Bryan A. Garner, A Dictionary of Modern Legal Usage 1530 (2d ed. 1995)). Because the contract in this case does not provide an agreed amount of damages upon breach, the damages awarded in the summary judgment are unliquidated, and the award can be affirmed on appeal only if the amount awarded was conclusively established by the evidence. *See id*.

The only summary judgment exhibit mentioning damages is Knox's affidavit in which she calculates her damages by adding the amounts she paid to repair the damage from the roof leak ($5,100) and the amounts she paid to complete the project after she terminated Superior ($32,692 for the foundation, $40,000 for the pool, and

6

$6,048 for the patio cover) to arrive at the sum of $83,840 that she paid in addition to the $71,400 she had already paid Superior under the contract. The affidavit states Knox sustained damages of $38,740, the amount she paid in excess of the contract price of $116,500. Implicit in the affidavit is the unstated, but appropriate, calculation that since the contract price was $116,500 and Knox paid $71,400, there was an unpaid balance of $45,100 under the contract, and Knox subtracted this $45,100 figure from the $83,840 she paid for repairs and completion to arrive at $38,740 in damages.

The Texas Supreme Court has recognized that "the cost to complete or repair less the unpaid balance on the contract price" is an appropriate measure of damages in a claim for breach of a construction contract. *See McGinty*, 372 S.W.3d at 627. These are known as "remedial" damages. *Id*. However, "[a] party seeking to recover remedial damages must prove that the damages sought are reasonable and necessary." *Id*. "Evidence of the amounts charged and paid, standing alone, is no evidence that such payment was reasonable and necessary." *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 200-01 (Tex. 2004). "[A] damage award based solely on the cost of repair or completion cannot be sustained absent some other evidence that the cost is reasonable." *Tubal Cain Indus., Inc. v. J.W. Garrett & Son, Inc.*, No. 09-23-00368-CV, 2025 WL 3482858, at *5 (Tex. App.—Beaumont Dec. 4, 2025, no pet.) (mem. op.). This rule applies in the DTPA context as well. *See*

7

*Perry Homes v. Alwattari*, 33 S.W.3d 376, 385 (Tex. App.—Fort Worth 2000, pet. denied) ("To recover out-of-pocket expenses or costs paid for repairs, the Alwattaris were required to prove the amounts paid were both reasonable and necessary.").

Even if Knox's affidavit constitutes some evidence that it was necessary for Knox to pay other contractors to repair the water damage and complete the project, Knox provided the trial court no evidence that the repair and completion costs reflected in her affidavit were reasonable. As the party moving for summary judgment, Knox failed to meet her burden to conclusively establish the amount of her damages, an essential element of her breach of contract and DTPA claims. Therefore, we conclude Knox failed to conclusively establish the amount of damages recoverable under either theory.

Appellants also challenge the award under the TCTFA on several grounds including that Knox never explained how her $38,740 damage figure could have been caused by a violation of the TCTFA. We need not decide whether remedial damages are recoverable under the TCTFA because on the record before us, Knox provided the trial court no evidence of any measure of damages other than remedial damages, and we have already concluded the evidence was legally insufficient to support the amount awarded. Therefore, we conclude Knox failed to conclusively establish the damage element of her TCTFA claim.

Regardless of the theory or theories under which Knox was awarded damages in the summary judgment, she was required to have provided the trial court conclusive evidence of such damages, and having elected to do so solely with evidence of remedial damages, she was required to conclusively prove not only the amounts she paid for repairs and completion but also that the amounts were reasonable. Because she failed to do so, we must reverse the damages awarded in the summary judgment. *See Kennedy*, 2021 WL 1567225, at *3 (We reversed the summary judgment because the plaintiff "failed to support its traditional motion with conclusive proof on the amounts it recovered in the judgment."). And because we may not remand for a trial solely on liquidated damages when liability is contested, we must reverse the summary judgment in its entirety and remand this case to the trial court for further proceedings on all issues. *See id*.; Tex. R. App. P. 44.1(b) ("The court may not order a separate trial solely on unliquidated damages if liability is contested."); *Clear Lake Ctr., L.P. v. Garden Ridge, L.P.*, 416 S.W.3d 527, 545 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("[Rule 44.1(b)] applies when we reverse a summary judgment because of the plaintiff's failure to conclusively prove damages.").

We sustain Appellants' third, fourth and fifth issues challenging the sufficiency of the evidence supporting the trial court's summary judgment on breach of contract, DTPA and TCTFA claims, and we remand to the trial court for further

proceedings on all issues. We need not address Appellants' other issues as they would afford no greater relief. *See* Tex. R. App. P. 47.1.

REVERSED AND REMANDED.


KENT CHAMBERS
Justice

Submitted on March 12, 2026
Opinion Delivered May 14, 2026

Before Golemon, C.J., Wright and Chambers, JJ.