GALLERY DATSUN, INC., Appellant,

v.

Jim METCALF, Appellee.

No. 01-81-0662-CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 18, 1982.

Roland M. Searcy, Jr., Bryan, for appellant.

Christopher J. Kling Lawrence, Thornton, Payne & Watson, Bryan, for appellee.

Before SMITH, BASS, and DYESS, JJ.

DYESS, Justice.

This is a Deceptive Trade Practices suit brought by the appellee, Metcalf, against Gallery Datsun, Inc., appellant, and Larry Barthlow, d/b/a Larry Barthlow Auto Sales. Judgment was rendered in behalf of the appellee against the appellant Gallery Datsun, Inc. and against Larry Barthlow individually and d/b/a Larry Barthlow Auto Sales, jointly and severally, and contribution directed between the defendants.

Treble damages were assessed by the court pursuant to § 17.50 of the Act.

Since the record on appeal does not include a statement of facts, all of the purported details of the transactions between the parties are taken from their appellate briefs for the limited purpose of stating the factual background as follows:

The particular car in question, a 1974 used Datsun B–210 was sold by the appellant Gallery Datsun, Inc., to the appellee Metcalf. Gallery Datsun, Inc., had purchased the vehicle at an earlier time from Larry Barthlow Auto Sales. At the time of the transaction between Gallery and Barthlow the odometer showed a mileage of 45,-641 miles when in fact the car had been driven 68,000 miles. At the time of the sale of the car to appellee by Gallery the odometer still showed a mileage of 45,641 miles.

The jury found that both car dealers represented the 1974 Datsun as having a characteristic of 45,641 miles of use when it did not have that characteristic and that the representations of both car dealers were producing causes of the appellee's damages.

The jury found further in response to special issue No. 16 that Gallery Datsun *did not rely* upon the representation of Larry Barthlow, individually, and d/b/a Larry Barthlow Auto Sales, concerning the actual number of miles registered on the odometer of the automobile in question. In its answer to special issue No. 17 the jury determined that Larry Barthlow's representation concerning the mileage on the odometer of the automobile in question *was not a producing cause* of any damage to the defendant, Gallery Datsun, Inc. And finally, in response to special issue number 18, *the jury determined that Larry Barthlow's actions in disconnecting, turning back and resetting the odometer on the automobile in question did not cause any damages to Gallery Datsun, Inc.* In accordance with the court's instructions, the jury did not answer special issue number 20 inquiring about the damages and losses caused to Gallery Datsun, Inc. by the representation of Larry Barthlow.

By its point of error number one the appellant asserts that the trial court erred in denying appellant's motion for a new trial in that appellant had received no written notice of the appellee's complaint prior to the time that he filed suit against it. Appellant asserts further that failure to send such written notice is in direct violation of Section 17.50A(2) of the Texas Business and Commerce Code as amended in 1977. The appellant says further that because of this, the appellee was not entitled to have his actual damages trebled as against the appellant, Gallery Datsun, Inc.

As the appellee observes in his brief, although the appellant complains of the trial court's overruling of the motion for new trial, its appeal is from the judgment, not from the order overruling the motion for new trial. *Puckett v. Frizzell*, 402 S.W.2d 148 (Tex.1966). As stated earlier and succinctly in *Neely v. Tarrant County*, 132 Tex. 357, 124 S.W.2d 101 (1939):

> The appeal in such case is an appeal from the judgment. The appellant's purpose in so appealing is to avoid the effect of the judgment which has been rendered against him. The filing of the motion for new trial and the order overruling it are steps in the accomplishment of that purpose. The appeal is after but not from the order overruling the motion. *Id.* at 105.

The appellant failed to raise the issue of lack of written notice required by Tex.Bus. & Com.Code Ann. § 17.50A(2) (Vernon Supp. 1980–1981) as a defense to the appellee's claim for treble damages. We are of the view that such a defense constitutes an affirmative defense under Rule 94, Tex.R. Civ.P.

§ 17.50A of the Deceptive Trade Practices Act states that "... actual damages only ... may be awarded where the *defendant*: (2) *proves* that he had no written notice of the consumer's complaint before the suit was filed..." (Emphasis added.) Under the circumstances of this case the burden was on the appellant, Gallery Datsun, Inc., to prove that it had no written notice of the appellee's complaint before the suit was filed.

In the case of *Trial v. McCoy*, 581 S.W.2d 792, 794–5 (Tex.Civ.App.—El Paso 1979, no writ), the appellant therein found himself in exactly the same position that the appellant in the instant case stands. The El Paso Court of Civil Appeals wrote as follows:

By his third point, the Defendant argues he was entitled to the benefits of the limited defenses provided for by Section 17.50A of the Act as amended in 1977, his contention being that the Article was remedial in nature, and applied to pending litigation. Without discussing this assertion, the Defendant is not in position to claim the defenses for the following reasons. In the first place, the defenses are in the nature of confession and avoidance and are affirmative defenses, and under the Rule had to be specially pleaded. Rule 94, Tex.R.Civ.P. No such pleadings appear of record. The Defendant waived the defense by failure to plead it. *CNL Financial Corporation v. Hewlett*, 539 S.W.2d 176 (Tex.Civ.App.-Beaumont 1976, writ ref'd n.r.e.). In the second place, the Defendant neither requested nor secured any additional findings of fact from the trial Court concerning any such partial defense. Failure of the defendant to request additional findings effects a waiver of the ground of defense where no element thereof has been found. Rule 299, Tex.R.Civ.P.; *Pinson v. Dreymala*, 320 S.W.2d 152 (Tex.Civ.App.-Houston 1958, writ dism'd); 4 McDonald, Texas Civil Practice sec. 16.09. Not having requested nor obtained any findings to support any portion of his defensive theory, the Defendant is in no position to complain of the judgment. The point is overruled. *Id.* at 794–795.

We overrule the appellant's point of error number one.

■ By its second and final point of error the appellant claims that the trial court erred in failing to grant its request for indemnity in its counter-claim against its co-defendant, Larry Barthlow Auto Sales, thereby disregarding the findings of the jury on special issues nos. 2, 14, and 15, and the dictates of statutes and common law.

The appellant, while seeking indemnity as hereinabove discussed, also sought contribution in the alternative. Because of the jury's answers to Special Issues Nos. 16, 17 and 18 it is apparent that Gallery Datsun, Inc. was in pari delicto with Larry Barthlow, its co-defendant. This must have been the opinion of the trial court as it entered judgment for appellee, Jim Metcalf, against Larry Barthlow, Individually and d/b/a Larry Barthlow Auto Sales and Gallery Datsun, Inc., jointly and severally, and *permitted contribution between Gallery Datsun and Barthlow.*

■ The appellant is in no position to complain about the evidence in this case since it did not bring forward a statement of facts. An appellate court may decide that a trial judge erred only when it has the complete record before it; otherwise, it must assume that those absent portions of the record support the trial judge's findings and judgment. *DeBell v. Texas General Realty, Inc.*, 609 S.W.2d 892, 893 (Tex.Civ. App.-Houston [14th Dist.] 1979, no writ); *Hassell v. New England Mutual Life Ins. Co.*, 506 S.W.2d 727 (Tex.Civ.App.-Waco 1974, writ ref'd).

We overrule the appellant's point of error two.

By his one cross-point the appellee requests that this court "enter the appropriate order for the appellee to recover $2500.00 as the attorney fee for this appeal." The trial court's judgment provided that the appellee recover a total of $12,500 for attorney's fees if the case were taken all the way to the Supreme Court of Texas, and $10,500 if the case should be appealed only to the Court of Appeals. Accordingly, we affirm the judgment of the trial court in all particulars and order that attorney fees be awarded at $10,500.