Gerald STREETER, Appellant,

v.

Theophilus Ted THOMPSON and Archie Frank Brodie, Sr., Appellees.

No. 2–87–213–CV.

Court of Appeals of Texas, Fort Worth.

June 2, 1988.

**330**

Clayton Kramer, Wichita Falls, for appellant.

Greg Merkle, Wichita Falls, for appellees.

Before FENDER, C.J., and BURDOCK and FARRIS, JJ.

## OPINION

FARRIS, Justice.

Appellant brought suit against the two appellees for damages to a building which the appellees moved for appellant from one location to another. Appellant's theories of damages included Deceptive Trade Practices Act, breach of warranty, and negligence. The appellee Brodie counterclaimed for recovery of his attorneys' fees alleging that appellant's DTPA cause of action was in bad faith and groundless. Appellee Thompson counterclaimed for damages for breach of contract and attorneys' fees. The case was tried before a jury and, based upon jury findings, the trial court entered judgment awarding: appellant damages of $450 against both appellees; the attorney for appellant attorney's fees of $9,500 against both appellees; and the attorney for Thompson attorney's fees of $5,300 against appellant.

Appellant has raised two points of error complaining that the trial court erred in offsetting a jury award of damages for breach of contract to Thompson against damages awarded to appellant and in rendering judgment awarding attorneys' fees to the attorneys rather than to the parties.

We modify the judgment of the trial court, awarding the attorneys' fees to the respective parties, rather than their attorneys, and offsetting the total award of damages as to Thompson. The judgment, as modified, is affirmed.

The record before us contains no statement of facts. In argument before the court, appellant's counsel candidly admitted that the amount in controversy did not justify the expense of a statement of facts. We are aware that the cost of obtaining a statement of facts may in many instances make it prohibitive, if not impossible, to obtain. However, this is a reality that must be addressed in deciding whether an appeal can be justified. It is not a matter which would justify altering the burden of establishing reversible error.

The jury found that appellees moved appellant's building in an unworkmanlike manner which was a producing cause of injury to the appellant.

Question eight inquired of the jury what sum would compensate appellant for his injuries resulting from appellees' actions, submitting to the jury two elements: (1) the cost of repair; and (2) physical pain and mental anguish. The jury declined to find any physical pain and mental anguish and assessed the cost of repair at $2,400. The jury also found that $2,250 was the amount appellant had agreed to pay Thompson to have the building moved. Appellant's first point of error complains that the trial court erred in offsetting appellee Thompson's damages of $2,250 against appellant's damages of $2,400, and in not awarding appellant an additional $2,000 under the DTPA. Appellant was awarded three times the $150 difference in the damage amounts or a total of $450. In the absence of a statement of facts, our review of appellant's points of error is restricted to the documents contained in the transcript, e.g., pleadings, court's charge, and jury's answers, and the judgment.

The burden is on appellant to see that a sufficient record is present to show error requiring reversal. TEX.R.APP.P. 50(d). We must assume that the absent portions of the record support the jury findings and judgment of the trial court. *See Gallery Datsun, Inc. v. Metcalf,* 630 S.W.2d 853, 855 (Tex.App.—Houston [1st Dist.] 1982, no writ).

From the documents before us, we have determined that the trial court did

commit error in drafting a judgment contrary to the pleadings and special issues. Initially, we note that the trial court erroneously awarded to Brodie the benefits of Thompson's breach of contract counterclaim. The jury found against Brodie on his counterclaim, and he did not join in Thompson's counterclaim. Accordingly, Brodie is liable for the entire amount of Streeter's recovery, although Thompson is jointly liable with Brodie for a portion of Streeter's damages. Additionally, the trial court clearly failed to treble appellant's damages under section 17.50(b)(1) even though the jury found the appellees acted "knowingly." TEX.BUS. & COM.CODE ANN. sec. 17.50(b)(1) (Vernon 1987).

■ Appellant also argues that it was error for the trial court to offset Thompson's damages before trebling Streeter's DTPA damages. The Texas Supreme Court has clearly ruled otherwise. The proper method of calculating damages is to subtract allowable offsets *before* trebling the first $1,000 or adding punitive damages, thus effectively allowing the defendant to receive triple the value of their defense or counterclaim. *Smith v. Baldwin*, 611 S.W.2d 611, 617 (Tex.1980). Appellant's first point of error, except for the modifications regarding Brodie, and trebling damages, is overruled.

■ In his second point of error, appellant complains that it was error for the trial court to enter judgment for the attorneys' fees in favor of the attorneys rather than the parties. Appellant argues that the judgment could result in a recovery against appellant by appellees' attorney even though appellant's attorney might recover nothing if the appellees should be judgment proof. We think that appellant's point is well taken. The award of attorney's fees to Thompson's attorney was under TEX.CIV.PRAC. & REM.CODE ANN. sec. 38.001 (Vernon 1986). Section 38.001 provides that a person may recover reasonable attorneys' fees from an individual or a corporation, in addition to the amount of a valid claim and cost, if the claim is for any of a laundry list of items including an oral or written contract. Formerly, article 2226 of the Revised Civil Statutes provided that any person having a valid claim against a person or corporation might recover attorneys' fees provided the claim was one described within the statute and the procedural requirements have been followed. *See* Attorney's Fees, ch. 314, sec. 1, 1979 Tex. Gen.Laws 718, *repealed by* Acts 1985, ch. 959, sec. 9(1), 1985 Tex.Gen.Laws 3242, 3322. Arguably, the broader language of the present statute might allow an award of attorney's fees directly to the attorney rather than his client; however, we do not find that to be the intent of the statute. Further, we note that the parties in their pleadings have prayed for the recovery of attorneys' fees and not an award of attorneys' fees to their respective attorneys. Finally, since the attorneys were not parties they were not before the court and are not entitled to any relief.

A judgment of a trial court should conform to the pleadings. TEX.R.CIV.P. 301. In order to conform the judgment to the parties' pleadings, we modify the judgment to award the attorneys' fees to the parties rather than to their attorneys. We further modify the judgment to reflect that Brodie is liable to Streeter for the total amount of Streeter's damages and attorneys' fees as follows:

|   | $ 2,400 | found by jury |
|---|---|---|
|   | $ 2,000 | two times that portion of damages that does not exceed $1,000 |
|   | $ 4,200 | three times actual damages over $1,000 because jury found defendants acted "knowingly" |
| + | $ 9,500 | attorney's fees |
|   | $18,100 | total recovery for Streeter from Brodie |

Because Thompson is entitled to his counterclaim and attorneys' fees, he is jointly and severally liable with Brodie *only* to the extent following:

|   | $2,400 | found by jury |
|---|---|---|
| − | $2,250 | found by jury on Thompson's counterclaim |
|   | $ 150 |  |
| + | $ 300 | two times actual damages under $1,000 |
|   | $ 450 | total damages |
| + | $9,500 | attorney's fees awarded Streeter against Thompson |

<pre>
  $9,950
— $5,300  attorney's    fees    awarded
          Thompson against Streeter
  $4,650  total amount of Thompson's
          liability to Streeter
</pre>

All parties are also ordered to pay costs and post-judgment interest as specified in the trial court judgment except that Brodie may not recover costs against Streeter because Brodie did not prevail at trial. *See Martinez v. Pierce*, 31 TEX.SUP.CT.J. 359 (Apr. 27, 1988) (reh'g pending); TEX.R. CIV.P. 131. As modified, the judgment is affirmed.