SATELLITE EARTH STATIONS EAST, INC., Appellant,

v.

Frank DAVIS d/b/a Hi–Tech Electronics and Lance Hall, Appellees.

No. 11–87–229–CV.

Court of Appeals of Texas, Eastland.

July 28, 1988.

Rehearing Denied Sept. 29, 1988.

Charles E. Jones, Jr., Nunn, Griggs, Wetsel & Jones, Sweetwater, for appellant.

Lance Hall, Sweetwater, for appellees.

Before McCLOUD, C.J., and ARNOT and DICKENSON, JJ.

## OPINION

ARNOT, Justice.

Appellant, Satellite Earth Stations East, Inc., sued to recover for electronic goods it sold on an open account to appellee, Frank Davis d/b/a Hi–Tech Electronics. Davis filed a counterclaim, asserting that Satellite violated the Texas Deceptive Trade Practices—Consumer Protection Act, TEX. BUS. & COM.CODE ANN. sec. 17.41 et seq. (Vernon 1987), by misrepresenting the goods sold. The jury found that Davis owed Satellite $3,445.15 on the account, that Satellite was entitled to recover its attorneys' fees of $2,600.00, that Davis had been damaged by Satellite's misrepresentation in the amount of $2,200.00, and that Davis was not entitled to attorneys' fees. The trial court granted Davis a new trial as to its cause of action for attorneys' fees; and, after retrial, the jury awarded Davis attorneys' fees in the following amounts: $5,000.00 for the trial, $3,375.00 for appeal if taken to the Court of Appeals, $1,500.00 if application for writ of error to the Supreme Court is made, and $1,000.00 for services if the application for writ is granted.

The trial court entered its final judgment awarding Satellite damages of $1,245.15 (although not enumerated in the judgment, this award is the $3,445.15 less the offset of $2,200.00) and its attorneys' fees of $2,600.00. The trial court also awarded Davis' attorney, Lance Hall, attorneys' fees of $10,875.00 less appropriate remittiturs if appeals were not taken.

Satellite urges that the trial court erred (a) in failing to offset the amount of attorneys' fees awarded to appellees against the amount of the judgment rendered in favor of Satellite, (b) in rendering judgment for attorneys' fees in favor of Davis' attorney because he was not a party to the suit, and (c) in ordering a partial new trial solely on the issue of attorneys' fees.

We modify the judgment of the trial court awarding the attorneys' fees to Davis rather than to his attorney and offset this amount against the total award entered in favor of Satellite. As modified, the judgment is affirmed.

In its first and second points of error, Satellite complains that the trial court erred: (a) in failing to offset the amount of attorneys' fees awarded to Davis against the amount of the judgment in favor of appellant and (b) in rendering judgment in favor of appellee's attorney when such relief was not pled. We agree.

Davis filed a counterclaim under the Deceptive Trade Practices—Consumer Protection Act (DTPA), TEX.BUS. & COM.CODE ANN. sec. 17.50 (Vernon 1987).

Section 17.50(d) provides:

Each consumer who prevails shall be awarded court costs and reasonable and necessary attorneys' fees.

■ Davis was a consumer who prevailed in his DTPA claim. Section 17.50(d) states the consumer shall be awarded his attorneys' fees. The DTPA creates an additional claim or cause of action for the consumer; it does not create a new cause of action for the consumer's attorney. Davis' attorney was not a party to the original counterclaim filed. The counterclaim urged that Davis recover reasonable attorneys' fees. A judgment of the trial court should conform to the pleadings. TEX.R.CIV.P. 301. The trial court erred in awarding the attorneys' fees to the individual attorney and not to the party.

■ Urging *McKinley v. Drozd*, 685 S.W.2d 7 (Tex.1985), as authority, Davis argues that he is entitled to recover attorneys' fees because he was successful on his DTPA claim regardless that he did not receive a net recovery, (his recovery under his DTPA claim being totally offset by the amount owed Satellite). In *McKinley*, the Court analyzed the recovery of attorneys' fees in claims brought under the DTPA and Article 2226 (now Art. 38.001, TEX.CIV. REM.CODE) when the claimant did not receive a net recovery. The Court held a net recovery is not necessary for the successful claimant to recover his attorneys' fees under the DTPA or Article 2226. In the case before us, Satellite argues that the judgment could result in a recovery against it by Davis' attorney even though Satellite's attorney might recover nothing if Davis should be judgment proof. We

agree. Because the claim for attorneys' fees belongs to Satellite and Davis, not to their individual attorneys, and because recovery of attorneys' fees under the DTPA or Article 38.001 are recoverable by a successful claimant regardless of whether he received a net recovery, the recovery of attorneys' fees by both parties should be offset. See *Streeter v. Thompson*, 751 S.W.2d 329 (Tex.App.—Fort Worth 1988, no writ).

Appellant's first and second points are sustained and, in order to conform the judgment to the parties' pleadings, we modify the judgment to award the attorneys' fees to Davis rather than to his attorney. We further modify the judgment to reflect that Satellite's recovery can be used to offset Davis' recovery of attorneys' fees.

In its last point of error, Satellite complains that the trial court erred in ordering a partial new trial solely on the issue of attorneys' fees to be awarded to Davis. We disagree.

■ Under Section 17.50(d), each consumer who prevails "*shall* be awarded ... reasonable and necessary attorneys' fees." (Emphasis added) The provision is mandatory. See *Doerfler v. Espensen Company*, 659 S.W.2d 929 (Tex.App.—Corpus Christi 1983, no writ). Thus, once the jury found that Satellite had violated the DTPA, the only question that remained for the jury was the reasonable value of Davis' attorneys' fees and not whether the attorneys' fees should be awarded. The jury found the reasonable value to be zero. The trial court was authorized to grant a partial new trial. TEX.R.CIV.P. 320. Because the award of attorneys' fees is mandatory after having found a violation of the DTPA, the cause for attorneys' fees is clearly separable.

The judgment is modified to reflect that Davis does have and recover from Satellite $7,029.85 (being Davis' recovery of $2,200.00 in damages and $10,875.00 as attorneys' fees offset by Satellite's recovery of $3,445.15 on the account and attorneys' fees of $2,600.00) less a remittitur of

$1,500.00 if application for writ to the Supreme Court is not made and $1,000.00 for services if the writ is not granted.

As modified, the judgment of the trial court is affirmed.