ACCEPTED
15-25-00050-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
7/2/2025 3:37 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00050-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
7/2/2025 3:37:51 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE FIFTEENTH COURT OF APPEALS

**ELITE CONCEPTS BY MICHAEL NANTZ, INC.**
**Appellant,**

**v.**

**DAVID AND BRIA FIELD,**
**Appellee.**

---

*On Appeal from the 471st District Court, Collin County, Texas*
*No. 471-05833-2022 Hon. visiting Judge John Marshall, Presiding*

---

## BRIEF OF APPELLANT, ELITE CONCEPTS BY MICHAEL NANTZ, INC.

---

Respectfully submitted,

*/s/William Scazzero*
**William Scazzero**
State Bar No. 24076675
512 W. Hickory, Suite 100
PO Box 50149
Denton, Texas 76206
Telephone: 940.387.3518
Facsimile: 855.883.2769
E-mail: wscazzero@hbwvlaw.com

**COUNSEL FOR APPELLANT,**
**ELITE CONCEPTS BY MICHAEL**
**NANTZ, INC.**

ORAL ARGUMENT NOT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

In accordance with rule 55.2(a) of the Texas Rules of Appellate Procedure, the following is a list of all parties to the trial court's Final Judgment (as well as other prior parties) and the names and addresses of all counsel.

## Parties

Elite Concepts by Michael Nantz, Inc.   Plaintiff/Appellant/Respondent

Michael Nantz             Defendant

David and Bria Field       Defendant/Appellee/Petitioner

## Trial and Appellate Counsel for Appellant

William V. Scazzero      Trial and Appellate Counsel for Appellant
wscazzero@hbwvlaw.com
Hayes, Berry, White & Vanzant, LLP
512 W. Hickory, Suite 100
Denton, Texas 76201
(940) 387-3518

Brandon Wilson       Trial Counsel for Appellant
State Bar No. 24076776
brandonw@hermes-law.com
Joe Carreon
State Bar No. 24102933
joe@hermes-law.com
Hermes Law P.C.
2550 Pacific Ave., Suite 700
Dallas, Texas 75226
(214) 749-6800

**Trial and Appellate Counsel for Appellee**

Casey S. Erick                                    Appellate Counsel for Appellee
cerick@cowlesthompson.com
Cowles & Thomspon, P.C.
901 Main Street, Ste. 3900
Dallas, Texas 75202
(214) 672-2138

# TABLE OF CONTENTS

**INDEX OF AUTHORITIES**..................................................................................V

**RECORD REFERENCES** ..................................................................................V

**ISSUES PRESENTED**..................................................................................VIII

**STATEMENT OF FACTS**..................................................................................1

**PROCEDURAL HISTORY** ..............................................................................5

**SUMMARY OF THE ARGUMENT** ................................................................6

**ARGUMENT AND AUTHORITIES**..................................................................7

   **1.**     **STANDARD OF REVIEW** ................................................................7

      **I.THE TRIAL COURT ERRED IN FAILING TO APPLY THE CONTRACTUAL LIMITATION OF LIABILITY TO PLAINTIFFS' DAMAGES** ...................................................................................................8

      **II.THE TRIAL COURT IMPROPERLY CALCULATED DAMAGES BY NOT AWARDING APPELLEE BENEFIT OF THE BARGAIN DAMAGES** ...............................................................................................10

         **a.**   **The Trial Court should have applied a Benefit of the Bargain measure of damages**.................................................................10
         **b.**   **There was no evidence adduced at trial of the remedial damages or their reasonableness** ..................................................13

      **III.THE TRIAL COURT ERRED IN NOT AWARDING APPELLANT ITS ATTORNEYS' FEES AND OFFSETTING THE PARTIES' ATTORNEYS' FEES** ...........................................................................14

**CONCLUSION**................................................................................................18

**PRAYER** .........................................................................................................19

**CERTIFICATE OF COMPLIANCE TEX. R. APP. 9.4** ...............................20

**CERTIFICATE OF SERVICE** ......................................................................20

# INDEX OF AUTHORITIES

## Statutes

Tex. Civ. Prac. & Rem. Code § 38.001(1)-(3), (8)...............................................15, 17

## Texas Supreme Court

*Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 125 S.W.3d 154, 162 (Tex. 2003)...................9

*Bombardier Aerospace Corp. v. SPEP Aircraft Holdings,* LLC, 572 S.W.3d
213, 231 (Tex. 2019)....................................................................................9

*McGinty v. Hennen*, 372 S.W.3d 625, 627 (Tex. 2012) ......................10,11,12,13,14

*Sw. Bell Tel. Co. v. FDP Corp.,* 811 S.W.2d 572, 577 (Tex. 1991) .........................9

## Dallas Court of Appeals

*Innovate Tech. Sols., L.P. v. Youngsoft, Inc.*, 418 S.W.3d 148, 151 (Tex.
App.—Dallas 2013, no pet.) .......................................................................7

*Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 148 (Tex. App.—Dallas 2012,
no pet.)...............................................................................................7, 8, 11

*Mostek Corp. v. Chemetron Corp*., 642 S.W.2d 20, 25 (Tex. App.—Dallas
1982, writ dism'd by agr.) ..........................................................................9

*Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600, 603 (Tex. App.—Dallas
1990, no writ).......................................................................................8, 15

## Other Courts

*Bluelinx Corp. v. Tex. Constr. Sys., Inc.*, 363 S.W.3d 623, 630 (Tex.App.—
Houston [14th Dist.] 2011, no pet.) ..........................................................15

*Caldwell & Hurst v. Myers,* 714 S.W.2d 63, 65 (Tex. App.—Houston [14th
Dist.] 1986, writ ref'd n.r.e.)......................................................................15

*Chilton Ins. Co. v. Pate & Pate Enterprises, Inc., 930 S.W.2d 877, 895 (Tex.
App.—San Antonio 1996, writ denied)* ......................................................*16*

*Dcent, Inc. v. O Guerrero Const., Inc.*, No. 14-12-00772-CV, 2013 WL
2444557, at *2 (Tex. App.—Houston [14th Dist.] June 4, 2013, no pet.) ..........11

*ETC Tex. Pipeline, Ltd. v. XTO Energy Inc.*, 698 S.W.3d 915, 926 (Tex.
App.—Eastland 2024, no pet.) (mem. op.) ......................................................7

*Ganda, Inc. v. All Plastics Molding, Inc.*, 521 S.W.2d 940 (Tex. App.—
Waco 1975, writ ref'd n.r.e.). ..........................................................................9

*Gulf Liquids New River Project, LLC v. Gulsby Eng'g, Inc.*, 356 S.W.3d 54,
68 (Tex. App.—Houston [1st Dist.] 2011, no pet.). .........................................9

*Lockheart Chapel, Inc. v. Katim Endeavors, Inc.*, No. 02-21-00405-CV, 2022
WL 3456834, at *6 (Tex. App.—Fort Worth Aug. 18, 2022, no pet.)................16

*Matheus v. Sasser*, 164 S.W.3d 453, 458 (Tex. App.—Fort Worth 2005, no
pet.) .................................................................................................................7

*New Braunfels Indep. Sch. Dist. v. FieldTurf USA*, No. 07-20-00308-CV,
2021 WL 5277135, at *5–6 (Tex. App.—Amarillo Nov. 12, 2021, pet.
denied) (mem. op.). ..........................................................................................9

*Nigalye v. Orr*, No. 11-12-00003-CV, 2013 WL 4715922, at *4 (Tex.
App.—Eastland Aug. 30, 2013, no pet.) (mem. op.) .........................................13

*Parkway Dental Assocs., P.A. v. Ho & Huang Props., L.P.,* 391 S.W.3d 596,
607 (Tex. App.—Houston [14th Dist.] 2012, no pet.)........................................10

*Pleasant Grove Indep. Sch. Dist. v. FieldTurf USA Inc.*, 648 S.W.3d 608,
613–14 (Tex. App.—Texarkana 2022, pet. denied). ..........................................9

*Satellite Earth Stations E., Inc. v. Davis,* 756 S.W.2d 385, 387 (Tex. App.—
Eastland 1988, writ denied) .............................................................................15

*Streeter v. Thompson,* 751 S.W.2d 329 (Tex. App.—Fort Worth 1988, no
writ) .................................................................................................................15

# RECORD REFERENCES

"___.RR" refers to whichever of the first of five volumes of the reporter's record is being cited to, as the Record was provided to the Court of Appeals and the parties in 5 separate volumes, which were not sequentially numbered. Further volumes are numbered in order. "1.RR.1:1" denotes the first volume, first page, first line. "2.RR" denotes the second volume, and sequential volumes are cited as such. "CR" is used for the Clerk's Record.

# ISSUES PRESENTED

**I.** Whether the Trial Court erred in awarding damages to Appellee to complete the pool, when the contract limited liability only to repairing the pool.

**II.** Whether the Trial Court erred in awarding Appellee the "cost to complete the pool" rather than benefit of the bargain damages.

**III.** Whether the Trial Court erred in not awarding Appellant its attorneys' fees and/or offsetting attorney fee awards.

# STATEMENT OF FACTS

On June 12, 2021, Mr. David Field and Mrs. Bria Field ("the Fields") contracted with Elite Concepts by Michael Nantz, Inc. ("Elite") for the construction of a luxury pool and other amenities at their property at 880 Stoddard, Fairview, Texas 75067. (CR: 252-257)(RR: Def. Ex. A). The original contract amount was for $222,144.00, in addition to any change orders and other charges (Id. at CR: 257). Pursuant to section 9 of the contract, contractors' liability and buyers sole and exclusive remedy are limited to repair of the swimming pool. (Id. at CR: 255)

Construction began in August, 2021, with the excavation of the pool. (2.RR.114:8-10). During excavation, the Fields requested the pool location be moved, incurring the first of several price increases to the pool project. (2.RR.150:14-16)(RR: Def. Ex. R). Over the course of the construction project, the Fields requested further upgrades and changes, each time increasing the price of the pool. (2.RR.210:1-25, 211:2-12, 212:8-13, 213:2-5, 215:22-25, 216:5-7, 218:1-15, 219:1-21, 222:2-10, 225:14-21, 226:2-5, 12-25, 227:1-25)( RR: Def. Ex. C, ZZZH) The Fields upgraded the tile and underlayment of the deck, increasing the cost of construction by $30,063.28. (5.RR.22:21, 219:1-2, 226:2-5, 12-25, 227:1-25)( RR: Def. Ex. C, S) They upgraded the pool jet and stationary swim system. (2.RR.215:22-25, 216:5-7)( RR: Def. Ex. R) They upgraded the in-pool tile, incurring an additional cost of $7,626.00. (2.RR.222:2-10, 225:14-21)(RR: Def. Ex.

1

S) They requested and received an additional 580 square feet of decking, increasing the cost by $14,204.20 (CR: 2.RR.226:2-5, 12-25, 227:1-25), added additional square footage to the artificial turf area (2.RR.155:21-25, 156:2, 228:10-18, 22-23, 229:20-25) (RR: Def. Ex. ZL, ZZM), and made additional changes to the fire pit. (2.RR.229:16-17, 230: 1-9) (RR: Def. Ex. ZZM) Finally, the Fields requested additions to, and expansion of the waterfall/fire feature, resulting in an additional $5,594.30 in costs to the construction of the pool. (2.RR.231:8-14, 232: 8-16) (RR: Def. Ex. ZM) All of the Fields' changes ended up increasing the total price of construction of the pool to $313,359.98. (2.RR.246:22-24 )(RR: Def. Ex. A, U)

On or about August 17, 2022, Elite presented an invoice in the amount of $51,412.48 for upgrades and changes to the construction project which had been constructed, but not paid for. (CR: 613)(2.RR.235:21-25) (RR: Def. Ex. S) After several weeks, and more work by Elite, work was stopped for non-payment of the requested and constructed changes, in August, 2022. (2.RR.239:6-9) Elite Concepts also repossessed $5,736.33 worth of pool equipment that had been purchased, pursuant to the contract. (CR: 514)(2.RR.239:10-14) (RR: Def. Ex. W) The Appellants never paid for the additional work performed by Elite.

The total amount of work performed on the pool was $313,359.98. (2.RR.266: 19-24) (RR: Def. Ex. U). In total, the Fields paid only $232,230.20 to Elite for the construction of the Pool. (Id.) After all offsets and credits were applied, the Fields

requested and received $61,112.98 of construction that they did not pay for, and for which they knew Elite Concepts expected to be paid. (CR: 946)(5.RR.22:21)(2.RR.236:1-2)

At the time Elite Concepts ceased work, there was a remaining cost to finish the pool under the contract of $20,014.40. (CR: 618)(2.RR.249:4-7, 19-22; 258:24-25; 259:1-3) This amount was not paid, and was the cost the Fields could have paid for Elite to finish the pool, in addition to the unpaid amounts for upgrades and changes. (Id.) There was no evidence of repairs or the costs of such adduced at trial. (2.RR. 180:15-18, 184:5-7, 185: 18-25, 186: 1-2, 190: 5-9, 191: 17-25, 192: 1-4, 201: 6-23, 202:1-2) There was no testimony adduced at trial as to the fair market value of the work required to finish the specific work left under the Contract between Elite Concepts, and the Fields. (2.RR. 249:4-7, 19-22; V2, 258:24-25, 259:1-3). The only evidence of the cost to finish the pool under the contract is that it was $20,014.40. (CR: 618)(2.RR.249:4-7, 19-22, 258:24-25, 259:1-3)

The Court found that both parties breached the pool construction contract. (5RR.22:21) The Court found and held that after all offsets and credits were applied, the Fields requested and received $61,112.98 of construction that they did not pay for, and for which they knew Elite Concepts expected to be paid, and that the Fields breached by not paying this amount. (CR: 946)(5.RR.22:21) The Court found that Elite had been damaged in the amount of $61,112.98. (Id.)

3

The Court found and held that the Fields were damaged in the amount of the cost to complete the pool, being $67,000.00. (CR: 946)(5.RR.22:21)

The Court found and held that the parties each incurred $75,000.00 of attorneys fees, and it was determined that the reasonable and necessary amount of fees in the event of an appeal to the Court of Appeals would be $25,000.00, and a further $10,000.00 in the event that writ of certiorari was granted by the Supreme Court of Texas, and that $5,000.00 would be a reasonable and necessary fee in the event the oral argument was requested by the Supreme Court. (CR: 946)(5.RR.12:4-15)

## PROCEDURAL HISTORY

Appellees filed an Original Petition on October 21, 2022, naming both Elite Concepts by Michael Nantz, Inc. and Michael Nantz, individually, as Defendants, and alleging breach of contract and an invalid lien on the Appellee's property, in addition to claims for negligence, fraud, and conversion. (CR: 13) On December 06, 2022, Appellant filed a counterclaim for Breach of Contract, Unjust Enrichment, and foreclosure of its mechanic's lien. (CR: 38) On June 1, 2023, Elite filed its First Supplemental Counterclaims and Affirmative Defenses, alleging additional bases for Breach of Contract, alleging a counterclaim for Quantum Meruit and Unjust Enrichment, and alleging the affirmative defenses of Waiver, and Limitation of Liability under the contract. (CR: 301-305) On August 20, 21, 22 and 23, of 2024, trial was held before the Honorable John Marshall, Visiting Judge, in McKinney, Collin County, Texas. On November 26, 2024, judgment was signed, awarding the Fields damages in the amount of $68,000.00 as the cost to complete the pool, pursuant to their claim for breach of contract, awarding Elite Concepts $61,114.98 for damages pursuant to its claim for quantum meruit, dismissing Plaintiffs' claims against Michael Nantz, individually, and awarding only the Fields their attorneys fees. (CR: 945-948). On December 26, 2024, Elite filed its Motion to Modify, (CR: 952-956) and on March 10, 2025, after leave was granted by the Court of Appeals, Elite filed its Notice of Appeal. (CR: 1080-1081) This appeal followed.

## SUMMARY OF THE ARGUMENT

According to the Trial Court's findings of fact, and the evidence adduced at trial and adjudged by the Court, the Trial Court should have found that the Fields' damages for their Breach of Contract claim were subject to the limitation of liability provision of the parties' contract, which, in this case, would be $0.00 for the cost to repair the pool.

In the alternative, and assuming the limitation of liability provision does not apply, then according to the Trial Court's findings of fact, and the evidence adduced and adjudged by the Court, the Trial Court should have found that the Fields' damages as a result of a breach by Elite were to be measured by the benefit of their bargain with Elite. This should be calculated as the reasonable cost of the work remaining under the contract, less what they did not pay Elite Concepts to perform the remaining work; that there was no evidence adduced at trial of these damages, or their reasonableness means the Fields should be awarded $0.00 in damages.

Lastly, the Court should have ordered that the attorneys fees award to the Fields was offset by a commensurate award to Elite, based on the Court's finding that the Fields also breached their contract with Elite, and/or the finding of Elite's entitlement to damages under its theory of quantum meruit.

**ARGUMENT AND AUTHORITIES**

The Trial Court's ruling should be reversed because (1) damages were erroneously awarded to appellee to complete the pool despite the contract limiting remedies to repairs of the pool, (2) even without a limitation of liability clause, the court applied the wrong measure of damages by awarding more than the benefit of the bargain to where there was no evidence to support the award, and (3) the court failed to award Appellant its attorneys' fees and offset the parties' attorneys' fees.

## 1. STANDARD OF REVIEW

On appeal, the applicability of a limitation of liability provision is a question of law, which the Court of Appeals reviews de-novo. *See Innovate Tech. Sols., L.P. v. Youngsoft, Inc.*, 418 S.W.3d 148, 151 (Tex. App.—Dallas 2013, no pet.); *ETC Tex. Pipeline, Ltd. v. XTO Energy Inc.*, 698 S.W.3d 915, 926 (Tex. App.—Eastland 2024, no pet.) (mem. op.).

A complaint that the trial court erred in applying an improper measure of damages is a question of law which the Court of Appeals reviews de novo. *Matheus v. Sasser*, 164 S.W.3d 453, 458 (Tex. App.—Fort Worth 2005, no pet.); *See also, Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 148 (Tex. App.—Dallas 2012, no pet.).

When an appellant attacks the legal sufficiency of an adverse finding on an issue on which he did not have the burden of proof, he must demonstrate that no evidence supports the finding, and the appellate Court reviews the evidence

presented at trial in the light most favorable to the fact-finder's findings, crediting evidence to that party if a reasonable fact-finder could and disregarding evidence unless a reasonable fact-finder could not. *Sharif* at 147.

The determination of whether attorneys' fees are available under a particular statute is a question of law, which this Court reviews de novo. *J. Michael Ferguson, P.C. v. Ghrist Law Firm, PLLC*, No. 02-18-00332-CV, 2021 WL 2006321 at *24 (Tex. App.—Fort Worth May 20, 2021, pet. denied) (citing *Holland v. Wal-Mart Stores*, 1 S.W.3d 91, 94 (Tex. 1999)). The Court of Appeals may reform a judgment to properly offset an award of attorneys fees. *See*, *Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600, 603 (Tex. App.—Dallas 1990, no writ).

## I. THE TRIAL COURT ERRED IN FAILING TO APPLY THE CONTRACTUAL LIMITATION OF LIABILITY TO PLAINTIFFS' DAMAGES

The Court awarded Appellees damages for the "cost to complete the pool" as a result of the breach of the pool construction contract by Elite Concepts. (CR: 946) Pursuant to section 9 of the contract, contractors liability and buyers sole and exclusive remedy are limited to repair of the swimming pool. (CR: 252-257)(RR: Def. Ex. A) "In no event will contractor be liable for any damages, including without limitation, incidental and consequential damages and damages for lost profits or for inability to use the swimming pool…" *Id*.

Limitation-of-liability clauses are generally valid and enforceable. *See Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC,* 572 S.W.3d 213, 231 (Tex. 2019) (citing *Sw. Bell Tel. Co. v. FDP Corp.*, 811 S.W.2d 572, 577 (Tex. 1991)). Limited and exclusive remedy provisions are enforceable under Texas law. *See New Braunfels Indep. Sch. Dist. v. FieldTurf USA*, No. 07-20-00308-CV, 2021 WL 5277135, at *5–6 (Tex. App.—Amarillo Nov. 12, 2021, pet. denied) (mem. op.) citing *Mostek Corp. v. Chemetron Corp.*, 642 S.W.2d 20, 25 (Tex. App.—Dallas 1982, writ dism'd by agr.), citing *Ganda, Inc. v. All Plastics Molding, Inc.*, 521 S.W.2d 940 (Tex. App.—Waco 1975, writ ref'd n.r.e.); *Pleasant Grove Indep. Sch. Dist. v. FieldTurf USA Inc.*, 648 S.W.3d 608, 613–14 (Tex. App.—Texarkana 2022, pet. denied). The First Court of Appeals further notes that even benefit of the bargain damages can be limited by a contract. *See Gulf Liquids New River Project, LLC v. Gulsby Eng'g, Inc.*, 356 S.W.3d 54, 68 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 125 S.W.3d 154, 162 (Tex. 2003)) (holding that even when service provider breaches, only damages provided by contract are recoverable.). The parties have contractually agreed that the Appellees' damages are limited to the cost to remedy or repair the pool.

The Fields did not introduce any evidence of the cost to "repair" the pool, and there were no specific repairs or the costs of such adduced at trial. (2.RR.180:15-18; 184:5-7; 185: 18-25; 186: 1-2; 190: 5-9; 191:17-25; 192: 1-4; 201: 6-23; 202:1-2)

9

Accordingly, the judgment of the Trial Court should be modified to reduce the damages awarded to David and Bria Field for breach of contract by Elite to $0.00.

## II. THE TRIAL COURT IMPROPERLY CALCULATED DAMAGES BY NOT AWARDING APPELLEE BENEFIT OF THE BARGAIN DAMAGES

In the alternative, if there were no limitation of liability clause, the Court applied the wrong measure of damages to the Fields' breach of a contract claim. The Trial Court should have found that the Fields were only entitled to recover the reasonable cost to complete the work under the contract, of which there was no evidence adduced at trial. A party seeking to recover remedial damages for breach of a construction contract must prove that the damages sought are reasonable and necessary. *McGinty v. Hennen*, 372 S.W.3d 625, 627 (Tex. 2012) (citing *Mustang Pipeline Co.*, 134 S.W.3d at 200). To establish that, the plaintiff must show more than simply "the nature of the injuries, the character of and need for the services rendered, and the amounts charged therefor." Id. (*citing Dall. Ry. & Terminal Co. v. Gossett*, 294 S.W.2d 377, 383 (1956)). Instead, some other "evidence showing that the charges are reasonable" is required. Id. Proof of the amounts charged or paid does not alone establish that the damages were reasonable and necessary. Id.

### a. The Trial Court should have applied a Benefit of the Bargain measure of damages.

"The normal measure of damages in a breach of contract claim is the expectancy or benefit-of-the-bargain measure." *Parkway Dental Assocs., P.A. v. Ho*

*& Huang Props., L.P.,* 391 S.W.3d 596, 607 (Tex. App.—Houston [14th Dist.] 2012, no pet.). In a breach of a construction contract, the Plaintiff may seek remedial damages, which is the cost to complete the contract work, less the unpaid balance on the contract price. *McGinty v. Hennen*, 372 S.W.3d 625, 627 (Tex. 2012). The Plaintiff must also furnish evidence that the remedial damages are "reasonable." Id. at 627, 629.

The purpose of this measure of damages is to restore the injured party to the economic position it would have occupied had the contract been performed. *Id. (Citing Dcent, Inc. v. O Guerrero Const., Inc.*, No. 14-12-00772-CV, 2013 WL 2444557, at *2 (Tex. App.—Houston [14th Dist.] June 4, 2013, no pet.). The Court awarded $68,0000 to Appellees' as the "cost to finish" the pool. (CR: 946). This amount, however, is not the amount Appellees were charged by someone else to perform the remaining work under their contract with Elite. *See, Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 148 (Tex. App.—Dallas 2012, no pet.). Instead, the exhibit, and the figure testified to by David Field was "expenses incurred to getting the pool and the fire pit where it's at today." (2.RR.136:17-18) This summary doesn't show what work was actually done, the cost of any such work, the fair market value of any such work, or whether this was any of the work left under the contract with Elite. (Id.) Those "expenses" could have been for anything, and according to the testimony of Appellee's expert witness, Scott Moneta, he recommended

thousands of dollars of materials and labor that were outside of the original pool contract. (2.RR.180:15-18, 181:22-25, 182:1,182:11-25, 184:5-15,22-24, 185: 18-25, 186: 1-2, 187:6-10, 190: 5-9, 191: 17-25, 192: 1-4, 201: 6-23, 202:1-2)

Instead, the undisputed testimony was that Appellant would have charged a further and final $20,014.40 to finish work remaining under the pool contract. (2.RR.249:4-15, 19-22) Instead, Appellees ostensibly paid a third party some amount of money for an unknown and undisclosed amount and scope of work. (2.RR.136:9-12) For all the evidence shows, the Fields could have built a water park in their back yard, and in fact the testimony of their Expert shows that he recommended numerous upgrades and other charges outside the original construction contract. (2.RR.180:15-18, 181:22-25, 182:1,182:11-25, 184:5-15,22-24, 185: 18-25, 186: 1-2, 187:6-10, 190: 5-9, 191: 17-25, 192: 1-4, 201: 6-23, 202:1-2) In order to put the Appellees in the "economic position they would have been, had the contract been performed," the Court should have adduced testimony of the fair market value of the work remaining under the contract, then offset that amount by the $20,014.40 that the Fields did not pay Elite for that same work. *McGinty*, 372 S.W.3d at 627.

Even if the Court had correctly found the Appellants' "cost to complete the pool" was $68,000.00, the Court should have offset that damage award by the

amount they <u>didn't</u> have to pay Appellant to finish the pool: $20,014.40. *McGinty, 372 S.W.3d at 627.*

### b. There was no evidence adduced at trial of the remedial damages or their reasonableness.

At trial, Plaintiffs only introduced, over an objection, a dollar amount that Mr. Field described as, "a summary of the expenses we incurred to getting the pool where it's at today." (2.RR.136:9-25) There was no testimony adduced at trial as to the fair market value of the work required to finish the specific work left under the Contract between Elite Concepts, and the Fields. (2.RR.184:5-25, 185:1-25, 186:1-2, 187:6-8, 249:4-7, 19-22; 258:24-25, 259:1-3)(5.RR.22:21)

As an initial matter, the Trial Court erred in admitting the evidence. The document was not relevant as it bore no relation to the fair market value of the work left under the contract with Elite. *See*, *Nigalye v. Orr*, No. 11-12-00003-CV, 2013 WL 4715922, at *4 (Tex. App.—Eastland Aug. 30, 2013, no pet.) (mem. op.) ("While we agree that the evidence shows that Appellants spent $2,479,220.89 on the construction of their home, we do not agree that the evidence conclusively proves that $2,479,220.89 was the reasonable and necessary cost to complete the construction of the home as it was designed under the contract and amendments. Appellants did not present any evidence of what work had to be performed by Simpson in order to complete the construction of the home as originally designed under the contract."). There must be evidence of the reasonableness of remedial

13

damages to support an award thereof. *McGinty v. Hennen*, 372 S.W.3d 625, 629 (Tex. 2012) ("No evidence supports the reasonableness of the remedial damages awarded by the jury. As a result, the court of appeals erred in affirming the trial court's judgment.").

The Appellees failed to offer any evidence of the cost of the work remaining under the contract with Elite or the reasonableness. Therefore, they have failed as a matter of law to establish any damages. However, if the Court found Appellants' "cost to complete the pool" was $68,000.00, the Court should have offset that damage award by the amount they <u>didn't</u> have to pay Appellant to finish the pool: $20,014.40. Under that measure of damages, Appellees only incurred $47,985.60 in damages. Accordingly, the judgment of the Trial Court should be modified to reduce the damages awarded to David and Bria Field for breach of contract by Elite to $0.00, or to $47,985.60.

### III. THE TRIAL COURT ERRED IN NOT AWARDING APPELLANT ITS ATTORNEYS' FEES AND OFFSETTING THE PARTIES' ATTORNEYS' FEES

The Court failed to award Appellant its competing attorneys fees, and apply that award as a setoff. Because the trial Court found that both parties breached their contract, Appellant was entitled to an award of its attorneys fees. (CR: 46, 654) (5.RR.24:3-5) Under a quantum meruit claim, Appellant was entitled to its $75,000.00 fee award as well. (CR: 46, 654)

14

Attorneys fees are recoverable under chapter 38 of the Civil Practice and Remedies Code in both breach of contract and quantum meruit actions. *See* Tex. Civ. Prac. & Rem. Code § 38.001(1)-(3), (8); *Caldwell & Hurst v. Myers,* 714 S.W.2d 63, 65 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Bluelinx Corp. v. Tex. Constr. Sys., Inc.*, 363 S.W.3d 623, 630 (Tex.App.—Houston [14th Dist.] 2011, no pet.). Under Texas law, this made both parties "prevailing" and should have offset their attorney's fees claim against one another , the recovery of attorneys' fees by both parties should be offset. *See Streeter v. Thompson,* 751 S.W.2d 329, 331 (Tex. App.—Fort Worth 1988, no writ); *Satellite Earth Stations E., Inc. v. Davis,* 756 S.W.2d 385, 387 (Tex. App.—Eastland 1988, writ denied). The recovery of attorneys' fees under Article 38.001 are recoverable by a successful claimant regardless of whether he received a net recovery. *Id*.

An award of attorney's fees is not unique and may be subject to setoff just like any other debt. *See Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600, 603 (Tex. App.—Dallas 1990, no writ); *cf. Streeter v. Thompson*, 751 S.W.2d 329, 331–32 (Tex. App.—Fort Worth 1988, no writ) (offsetting damages and attorney's fees awarded to defendant on counterclaim from plaintiff's award of damages and attorney's fees). "In *Murrco* the plaintiff obtained judgments against two defendants and was awarded both damages and attorney's fees. 800 S.W.2d at 602. One of the defendants prevailed on a counterclaim against plaintiff and was also awarded damages and

15

attorney's fees, though in a lesser amount. *Id.* In the judgment, the trial court added all damages and interest awarded to the plaintiff and subtracted therefrom the lesser damages awarded to the defendant; however, the trial court did not offset the awards of attorney's fees. *Id.* The court of appeals held that the trial court's failure to offset the attorney's fees was error and reformed the judgment to provide that all awards—including attorney's fees—were offset. *Id.* at 603." See also, *Lockheart Chapel, Inc. v. Katim Endeavors, Inc.*, No. 02-21-00405-CV, 2022 WL 3456834, at *6 (Tex. App.—Fort Worth Aug. 18, 2022, no pet.).

After determining the net damage recovery, the court should determine the net attorney's fees due, including additional amounts for appeals, and then add the difference between the judgment/counterclaim amounts due each of the parties, including prejudgment interest, to the net amount of attorney's fees due to yield the total net recovery due. *Chilton Ins. Co. v. Pate & Pate Enterprises, Inc.*, 930 S.W.2d 877, 895 (Tex. App.—San Antonio 1996, writ denied).

In other words, the Court should subtract the amount of attorneys fees owed to Appellant for its successful breach of contract and/or quantum meruit claims ($75,000.00) from the amount of attorneys fees awarded to the Appellees for their breach of contract claim ($75,000.00).

16

## APPELLANT'S REQUEST FOR ATTORNEYS' FEES

In the event that Appellant is successful in this appeal, Appellant is entitled to its attorneys' fees on appeal in the amount of $25,000.00. (CR: 946)(5.RR.12:4-15) "If trial attorney's fees are mandatory under section 38.001, then appellate attorney's fees are also mandatory when proof of reasonable fees is presented." *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015) (citing *Gill Sav. Ass'n v. Chair King, Inc.*, 797 S.W.2d 31, 32 (Tex.1990) (per curiam) (remanding for retrial on appellate attorney's fees under section 38.001 when there was some evidence to support an award); *see also, e.g., DaimlerChrysler Motors Co. v. Manuel*, 362 S.W.3d 160, 198–99 (Tex. App.–Fort Worth 2012, no pet.)(holding that if an award of trial attorney's fees is mandatory under section 38.001, then an award of appellate attorney's fees is likewise mandatory).

## CONCLUSION

In conclusion, the Trial Court erred in awarding Appellees cost of completion damages when the contract between the parties expressly limited the liability of Appellant to the cost of repair. In addition, and/or the alternative, the Trial Court applied an improper measure of damages. The correct measure of damages is the benefit of the bargain. Because Appellee failed to present evidence at trial of the cost of repair damages or the reasonableness of Appellees' remedial damages, this Court should modify the Trial Court's Final Judgment to make Appellees take nothing, or offset Appellees' award of damages by the unpaid balance of the construction contract.

Finally, the Trial Court erred in not awarding and offsetting Appellant's attorneys fees. Appellant was successful on its breach of contract and/or quantum meruit claims and is entitled to its attorneys fees. This Court should modify the Trial Court's Judgment to award and offset Appellant's attorneys' fees.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully requests that this Court modify the judgment of the Trial Court and award Appellant its attorneys fees.

## CERTIFICATE OF COMPLIANCE TEX. R. APP. 9.4

I certify that in accordance with Tex. R. App. 9.4 that this brief complies with the limitations requirements and is 3,819 words and 21 pages in length (excluding exempted parts) and written in Times New Roman 14-point font.

/s/*William Scazzero*
William Scazzero


## CERTIFICATE OF SERVICE

I certify that on July 2, 2025, a true and correct copy of this document was served by ECMF on all parties and counsel.

/s/*William Scazzero*
William Scazzero

---

## IN THE FIFTEENTH COURT OF APPEALS

---

**ELITE CONCEPTS BY MICHAEL NANTZ, INC.**
**Appellant,**

**v.**

**DAVID AND BRIA FIELD,**
**Appellee.**

---

*On Appeal from the 471st District Court, Collin County, Texas*
*No. 471-05833-2022 Hon. visiting Judge John Marshall, Presiding*

---

## APPENDIX TO BRIEF OF APPELLANT

---

In compliance Tex. R. App. 38.1(a)(k) Appellant submits this Appendix to their

Brief containing the following items:

Tab A: Judgment of the Trial Court.

**EXHIBIT A**

**JUDGMENT OF THE TRIAL COURT**

Filed: 11/26/2024 4:42 PM
Michael Gould
District Clerk
Collin County, Texas
By Elizabeth Anderson Deputy
Envelope ID: 94749115

## CAUSE NO. 471-05833-2022

| | | |
|---|---|---|
| DAVID AND BRIA FIELD | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 471ST JUDICIAL COURT |
| | § | |
| ELITE CONCEPTS BY MICHAEL | § | |
| NANTZ, INC AND MICHAEL NANTZ | § | COLLIN COUNTY, TEXAS |

## FINAL JUDGMENT

**ON THIS THE 19ᵗʰ day of August, 2024,** came to be heard the Trial in the above-styled case. Plaintiffs, David and Bria Field appeared with their counsel. Defendants Elite Concepts by Michael Nantz, Inc. and Michael Nantz appeared with their counsel. The Parties announced ready.

All matters in controversy, legal and factual, were submitted to the Court for its determination. The Court heard the evidence and arguments of counsel and announced its decision for David and Bria Field.

The Court hereby RENDERS judgment for David and Bria Field. After considering the evidence, objections, and arguments of the parties, the Court FINDS:

The contract proposal was presented by Elite to David and Bria Field on May 24, 2021.

The contract proposal cost was $222,144.00

There is no evidence of labor charges in the proposal.

The contract was signed by Elite to David and Bria Field on June 12, 2021

Under the Contract, the Project was to be completed in 75 days

Under the Contract, Payment was to be in 3 installments and one final payment.

The final payment was not made in accordance with the contract.

Plaintiffs requested the pool be moved, and paid for that move.

Defendant ceased performance of the contract on August 22, 2022, and removed tools.

Plaintiff and Defendant continued to negotiate payment but were unsuccessful.

The Pool was not finished when Defendant ceased performance on August 22, 2022.

The Pool was not behind schedule on August 22, 2022.

The Defendant paid $266,792.30 to suppliers and subcontractors for labor and materials for the pool.

The Plaintiff paid $232,230.20 to Defendant for the pool.

The Plaintiffs requested, and received additions and upgrades to the pool project, for which they knew Defendant expected to be paid, in the amount of $61,114.98, which were, reasonable, and were outside the contract.

The Defendant filed a lien against the Plaintiffs, in the amount of $61,114.98.

Defendant breached the contract by stopping work for non-payment of change orders, which were outside the contract.

The Plaintiffs' cost to complete the pool was $68,000.00.

The Plaintiffs were damaged by Defendant's breach, for the cost of completion of the pool, in the amount of $68,000.00, pursuant to their claim for Breach of Contract.

The Defendant was damaged by the Plaintiff's failure to pay for the change orders, which were outside the contract, in the amount of $61,114.98, pursuant to its claim for Quantum Meruit

Neither Plaintiff, nor Defendant failed to mitigate their damages.

The Parties stipulated, and the Court finds, that the reasonable and necessary attorneys fees incurred by each party in the prosecution and defense of the claims in this case is $75,000.00 per side, and a reasonable and necessary amount in the event of an appeal to the Court of Appeals would be an additional $25,000.00, and further $10,000.00 in the event that a writ of certiorari is

granted by the Supreme Court of Texas, and a further $5,000.00 in the event that oral argument is requested.

Therefore, this Court enters judgment for Plaintiffs and against Defendant, and thus it is ORDERED, ADJUDGED, and DECREED that Plaintiffs David and Bria Field shall have judgment against Elite Concepts by Michael Nantz, Inc. Accordingly, the Court orders that the Defendant takes nothing and that the Plaintiff have and recover from Elite Concepts by Michael Nantz, Inc.:

a. Actual damages in the amount of $6,885.02.

b. Prejudgment interest on the actual damages awarded at the rate of 8.5% from October 21, 2022, until the date of this judgment, in the amount of $1,068.80.

c. Reasonable and necessary attorney fees in the amount of $75,000 for prosecuting this case through judgment. The Court further orders that if Plaintiffs prevail in an appeal of this judgment to an intermediate court of appeals, they shall be entitled to an additional $25,000.00 in attorneys fees, and a further $10,000.00 in the event that a writ of certiorari is granted by the Supreme Court of Texas, and a final, additional $5,000.00 in the event that oral argument is granted.

d. Court Costs

e. Post-judgment interest on all of the above at the rate of 8.5% compounded annually, from the date this judgment is rendered until all amounts are paid in full.

The Court further finds and enters judgment for Defendant Michael Nantz, individually and against Plaintiffs David and Bria Field, and thus it is ORDERED, ADJUDGED, and

DECREED that each and every one of Plaintiffs David and Bria Field's claims against Michael Nantz are denied.

The Court further finds and enters judgment that any and all liens filed by Defendants against Plaintiffs are hereby void and shall be removed in their entirety. Therefore, the Dallas County Clerk has the authority to remove the lien filed by the Defendant from the Dallas County Deed Records. This lien is identified as document Number: 2022000136555, and a copy of it is attached to this Final Judgment as Exhibit A.

This Judgment finally disposes of all parties and claims and is appealable. All relief not expressly granted is DENIED. The Court orders execution to issue for this judgment.

SIGNED ON THIS DAY _November 26, 2024_

_Judge Presiding_

**Senior Judge, Fourteenth Judicial District of Texas**
**Sitting by Assignment**

Collin County
Honorable Stacey Kemp
Collin County Clerk

# EXHIBIT A

Instrument Number: 2022000136555

eRecording - Real Property

AFFIDAVIT

Recorded On: September 08, 2022 08:43 AM                    Number of Pages: 3

" Examined and Charged as Follows: "

Total Recording: $30.00

*********** THIS PAGE IS PART OF THE INSTRUMENT ***********
Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**                                        **Record and Return To:**

Document Number:    2022000136555                            Simplifile

Receipt Number:     20220908000097

Recorded Date/Time: September 08, 2022 08:43 AM

User:               Christina G

Station:            Station 9



STATE OF TEXAS
COUNTY OF COLLIN

I hereby certify that this Instrument was FILED In the File Number sequence on the date/time
printed hereon, and was duly RECORDED in the Official Public Records of Collin County, Texas.

Honorable Stacey Kemp
Collin County Clerk
Collin County, TX

## CONSTITUTIONAL LIEN AFFIDAVIT

THE STATE OF TEXAS    §

                     §

COUNTY OF COLLIN    §

BEFORE ME, the undersigned authority, on this day personally appeared MICHAEL NANTZ, who, after being by me duly sworn, deposed and said as follows:

"My name is MICHAEL NANTZ. I am the President of Elite Concepts by Michael Nantz, Inc., d/b/a Elite Concepts, Inc., and the matters stated herein are within my personal knowledge and are true and correct. The amount of $61,114.98 is due to Elite Concepts by Michael Nantz, Inc. for labor done and/or materials supplied to the real property described below."

"The name of the owners or reputed owners of such real property are David and Bria a/k/a Brianna Field, 880 Stoddard Road, Fairview, Texas 75069."

"The kind of work done and/or materials furnished by Elite Concepts by Michael Nantz, Inc., and which remains unpaid are for owner requested and approved concrete subdeck surrounding the swimming pool, additional square footage to the surrounding subdeck, Freska paver cap of additional subdeck, overbudget tile material for the shallow depth ledges, partially complete in ground cooler, fire pit material change, step addition into the firepit, artificial turf additional square footage. The last work was done on August 27, 2022. "

"Elite Concepts by Michael Nantz, Inc., d/b/a Elite Concepts, Inc. was employed by David and Bria Field, to perform the work described herein."

"The name of the original contractor is Elite Concepts by Michael Nantz, Inc., d/b/a Elite Concepts, Inc., P.O. Box 293314, Lewisville, Texas 75029."

"The real property to which the labor was done and/or materials supplied is as follows:

*Lot 4, Block A, Field Manor Estates, an Addition to the Town of Fairview, Collin County, Texas, according to the Map or Plat recorded in Volume 2020, Page 14, Plat Records of Collin County, Texas.*

"The Claimant and also the Original Contractor for purposes of this affidavit is Elite Concepts by Michael Nantz, Inc., P.O. Box 293314, Lewisville, Texas 75029."

"No special form of Notice is required, the Claimant is merely placing constructive notice of the constitutional lien claim in the real property records."

"Elite Concepts by Michael Nantz, Inc. claims a Constitutional Lien is the amount of $61,114.98 pursuant to the Texas Constitution, Art. XVI, §37 against the above-described real property."

FURTHER affiant sayeth not.

_____

Michael Nantz

CONSTITUTIONAL LIEN AFFIDAVIT

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned authority, on September _____, 2022.



LINDA STANLEY
My Notary ID # 130940829
Expires December 20, 2024

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

AFTER RECORDING RETURN TO:

HAYES, BERRY, WHITE & VANZANT, LLP
512 W. Hickory Suite 100
Denton, Texas 76201
Tel: (940) 387-3518
Fax: (866) 895-8163

CONSTITUTIONAL LIEN AFFIDAVIT

Page 2

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Amy Dugger on behalf of William Scazzero
Bar No. 24076675
adugger@hbwvlaw.com
Envelope ID: 102713367
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Brief of Appellant, Elite Concepts by Michael Nantz, Inc.
Status as of 7/2/2025 3:46 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Casey Erick | 24028564 | cerick@cowlesthompson.com | 7/2/2025 3:37:51 PM | SENT |
| William Scazzero | | wscazzero@hbwvlaw.com | 7/2/2025 3:37:51 PM | SENT |